# NEW YORK SUPERIOR COURT.

### George Beudel agt. Matthew Hettrick.

A participation in the profits of a business by a party as a compensation for his labor or services, without having any other interest or right in it, or any liability therefor, does not make him a *partner* in fact, but a nominal partner merely.

Therefore an action is properly brought, in the name of the principal partner alone, for work, labor, materials and services furnished the defendant, although the contract was made by the nominal partner with the defendant, and a bill rendered him in the name of the firm. The principal only was the real party in interest, and authorized under the Code to bring the action.

The defendant, having had prior notice of the agreement between the members of the nominal partnership, was bound to recognize its provisions, and, so far as he was concerned, they were no longer to be considered as copartners.

Consequently, where the defendant interposed the defense of partial payment of the claim to the nominal partner, part in money, and part by a previous indebtedness, due from such member of the firm to him,—*Held*, that a partner cannot release a debt due to the firm, even during copartnership, in consideration of a debt due from him individually.

*Held*, also, that the facts in this case were so contested and conflicting in respect to the employment by the defendant of the nominal member of the firm, and in respect to the alleged payments on account, that they should have been submitted to the jury to pass upon, and that a dismissal of the complaint was error.

*General Term, March,* 1873.

*Before* Monell, Freedman *and* Curtis, *JJ.*

This case comes on for hearing upon the plaintiff's exceptions to the order of the judge before whom the action was tried, dismissing the complaint. The exceptions were

directed to be heard in the first instance at the general term, and judgment in the meanwhile to be suspended.

• D. M. PORTER *for plaintiff*.

Exceptions on dismissal of complaint ordered to be heard in the first instance at the general term.

The plaintiff employed one. Wagner, and in lieu of other compensation gave him one-half of the net profits; the business was done under the name of Beudel & Wagner. Wagner was "*to have no interest in the property, assets, accounts or claims belonging to the business.*" At the time the contract in question was made, the business was in the plaintiff's name alone. The plaintiff was "boss;" he was so for months before the contract was made; defendant knew Wagner had a partner at the time the work was ordered; the business card was Beudel & Wagner; the receipt for the alleged payment is signed Beudel & Wagner.

Wagner owed the defendant a note for $300; it was given for an old loan, before plaintiff ever saw Wagner.

Before this action was brought the contract between the plaintiff and Wagner was shown to the defendant.

The answer avers, "the work was done by the copartnership of Beudel & Wagner;" also, "that the payment of $300 was to that firm."

I. The agreement makes the claim sued for the plaintiff's claim; using the firm name of Beudel & Wagner makes Wagner liable to third persons for any debts for which Beudel & Wagner were trusted as copartners, irrespective of whether he was a partner or not, only because he held himself out as a partner, not because he was a partner. But as between the plaintiff and himself and all their debtors, and as to the property and effects, he is not a partner, but the same belong to the plaintiff alone, as no one can be injured thereby, and the agreement between the parties must be carried out (*Conklin* agt. *Barton*, 43 *Barb.*, 435; *Lamb* agt.

Beudel agt. Hettrick.

*Grover*, 47 *id.*, 317 ; *Osbrey* agt. *Reimer*, 49 *id.*, 265 ; *Ogden* agt. *Astor*, 4 *Sandf.* 311) ; and after the defendant had notice of the contract, as to him the money was the plaintiff's sole property.

II. If the facts are undisputed, the question is a question of law (*Fellows* agt. *Northrup*, 30 *N. Y.*, 117 ; *Draper* agt. *Stouvenel*, 38 *id.*, 219 ; *Mason* agt. *Lord*, 40 *id.*, 447 ; *Beck* agt. *Sheldon*, 48 *id.*, 365) ; if the facts are contested, or conflicting, the dismissal of the complaint was erroneous, as the facts ought to have been submitted to the jury (*Stone et al.* agt. *Flower*, 47 *N. Y.*, 566). The question whether the judge erred, is presented by the exception to the nonsuit (*Sheldon* agt. *The Atlantic Fire Ins. Co.*, 26 *N. Y.*, 460 ; *Stone et al.* agt. *Flower, supra*).

III. Even under the defendant's answer, the application of the property of the firm cannot be given to pay the individual debt of one of the firm (*Dob* v. *Halsey*, 16 *Johns.*, 34). One partner cannot release a debt due to the firm, even during copartnership, in consideration of a debt due to him individually (*Gram et al.* agt. *Cadwell*, 5 *Cowen*, 489).

IV. The evidence as to the $205.40 and interest is undisputed, and, as a matter of law, the plaintiff is entitled to judgment for that amount ; and as to the $300 the facts are conflicting and ought to have been left to the jury, and the dismissal of the complaint ought to be set aside and a new trial granted with costs to the plaintiff (*Stone et al.* agt. *Flower*, 47 *N. Y.*, 566 ; *The International Bank* agt. *Monteath*, 39 *N. Y.*, 297).

DAVID McADAM, *for defendant.*

The plaintiff sued to recover for work, labor and materials done and furnished at defendant's request.

The defense interposed a general denial, and pleaded that the work sued for was done by the firm of Beudel & Wagner, of which the plaintiff was a member, and that Wagner, the

plaintiff's copartner, should have been joined as a party plaintiff, and further, that the defendant had paid the *firm* $300 on account of such work.

The case was tried before the Hon. H. C. VAN VORST and a jury, December 13, 1872, and the complaint was dismissed on the grounds stated, with a direction that the exceptions be heard in the first instance at general term, and judgment in the meantime be suspended.

I. The cause of action arose and was contracted for under the *firm* name of *Beudel & Wagner*, and the bill-head for the work in *firm* name, and the card in the same nar . It is clear, therefore, that as to third persons Beudel & Wagner must be regarded as partners, and the payments made to either, on the faith of that relation, good payments against both.

II. Being copartners as to the defendant who dealt with them on the faith of that relation, they are to be so regarded for all the purposes of this suit, and the defendant was entitled to have Wagner before the court as a party, and the claim was made in the answer, and the objection was never obviated by amendment or otherwise.

III. The private agreement between Beudel and Wagner could not affect the defendant, who had no notice of it, and on the pleadings the real question was whether the work was done by Beudel alone, or by the firm of Beudel & Wagner; and the evidence disclosed that it was done by the latter as a firm, and the plaintiff therefore failed in his action (*Guidon* agst. *Robson*, 2 *Camp. N. P. R.*, 302; *Clark* agt. *Howe*, 23 *Maine*, 560; *Radenhurst* agt. *Bates*, 3 *Bing.*, 470; 11 *Moore*, 421; *Davies* agt. *Hawkins*, 3 *M. & S.*, 48; *Colyer on Partnership*, §§ 656, 663).

IV. The court must remember that the contract sued on was made by *Wagner*, in the firm name, and for the firm, and must be sued on in the firm name (*Code*, § 111). Neither partner is a trustee of the other, or of an express trust under § 113 of the Code, for the contract was made in the *firm* name as a *firm*.

V. Having made the contract in the firm name of Beudel & Wagner, a recovery in this suit would be no bar to an action by Beudel & Wagner as a firm.

VI. The nonsuit was correct, and the plaintiff's exceptions should be overruled, and the defendant should have judgment thereon.

CURTIS, *J.*—The action is to recover for work, labor and materials.

The answer states that the work was performed by the plaintiff and one Wagner, composing the firm of Beudel & Wagner; that the latter should have been joined as a plaintiff, and also that $300 had been paid on account of the claim to the firm, and that what remains due for the work was due to the firm, and not to the plaintiff.

The plaintiff testified on the trial that the arrangement to do the work for the defendant was made by Wagner, on plaintiff's account; that Wagner was then working in his employ; that the work commenced in March, 1872; that they last worked at it, and that it was finished, about the end of June, and amounts to $505 and some cents. The plaintiff also put in evidence an agreement made between him and Wagner, dated April 15, 1872, containing the following provisions:

*First.* The said Beudel agrees to take the said Wagner into his employ in the carpentering and building business for the term of one year from date.

*Second.* The business to be carried on under the firm name of Beudel & Wagner.

*Third.* Wagner is to have no interest in the business, or in the property, assets, accounts or claims belonging to the same.

*Fourth.* And the said Beudel agrees to pay the said Wagner for his services wages at the rate of a sum equal to one-half of the net profits of said firm, and said wages are not to be paid, and are not to become due, until the said profits are first collected by said Beudel.

A bill in the firm name of Beudel & Wagner was made out for this work, dated May 31, 1872.

The plaintiff testifies that the day Wagner left the bill with defendant he went to defendant, who told him that he held a note for $300 against Wagner, made before plaintiff ever knew Wagner, and that he wanted to deduct it from the bill. The plaintiff told defendant he would never agree to such a settlement; that he had to pay everything, and was responsible for everything, and that a day or two after he showed the defendant this agreement between himself and Beudel. The business card was Beudel & Wagner.

The defendant testified he employed only Wagner to do the work; that he paid him $200 on account during its progress, $100 each time; and that before he commenced the work Wagner agreed to let $100 that the defendant had loaned him previously apply upon the work. He had heard when he employed Wagner to do the work that he had a partner, and he thought the receipt for the payments to Wagner on account were made out in the firm name. The receipts were not produced on the trial, or the note.

At the conclusion of the testimony the defendant's counsel moved to dismiss the complaint on the grounds:

*First.* That the plaintiff has proved no cause of action.

*Second.* That it appeared by the evidence and by the billhead and card that the work done for the defendant was done under a contract between one Wagner and the defendant, and that the plaintiff had no interest therein, except as a copartner of said Wagner, who was not joined as a party plaintiff herein.

*Third.* That payments had been made by the defendant to Wagner, which, under the circumstances, were operative against Wagner, either individually or as a copartner with the plaintiff, and that whatever relation exists in fact between Wagner and the plaintiff, so far as the defendant was concerned, they were to be considered copartners.

*Fourth.* That the private arrangement between the plain-

tiff and Wagner could not affect the defendant, as he had no notice thereof until after the transactions complained of, and until after he had paid the $300, as sworn to by him.

The court granted the motion and the plaintiff excepted.

The evidence fails to show that the plaintiff and Wagner were actual partners; a participation in the profits of a business by a party as a compensation for his labor or services, without having any other interest or right in it, does not make him a partner (*Conklin* agt. *Barton*, 43 *Barb.*, 435 ; *Ogden* agt. *Astor*, 4 *Sand.*, 311). It is clear, however, that Wagner was a nominal partner of the plaintiff, and the first question to be considered is, in whose name the action should have been brought.

In the case of *Kell* agt. *Namby* (10 *Barn. & Cres.*, 20), it was held that where an attorney carries on business under the firm of " A. & Son," and the son was not in fact a partner, but acts as a clerk to his father, with a salary, that the attorney A. might maintain an action in his own name alone for business done as an attorney.

The present case seems to be analogous, and the tendency of the provision of the 111th section of the Code, directing every action to be prosecuted in the name of the real party in interest, apparently leaves little room for doubting the correctness of the proceeding in bringing this suit in the plaintiff's name only. It appears to me that the action should have been brought as it was, in the name of the plaintiff, Beudel, alone, the real party in interest.

Wagner, by holding himself out as a partner, became liable to third persons who may have trusted Beudel & Wagner as a firm, but, as between himself and the plaintiff, Beudell, his actual rights and position are defined by the agreement, which declares that he is to have no interest in the business, property or assets of the nominal firm ; as no wrong is worked by this, it is the duty of the court to give effect to it, and after notice of this agreement the defendant was bound to recog-

nize its provisions, and, so far as he was concerned, they were no longer to be considered as copartners.

In this view of the case the plaintiff was entitled to a verdict, at least for all that portion of the claim remaining unpaid over the $300. There is conflicting evidence as to whether this sum of $300, or only $100 of it, was paid by the defendant to Wagner upon the pre-existing individual indebtedness of Wagner to the defendant.. However that may be, a partner cannot release a debt due to the firm, even during copartnership, in consideration of a debt due from him individually (*Gram* agt. *Cadwell*, 5 *Cow.*, 489).

A release by Wagner of a firm debt, or any part of it, due by the defendant, in consideration of a debt due from him, Wagner, individually to the defendant, is void, and fails to sustain the defense pleaded in the answer, that the defendant paid to the firm $300 on account of the work and services, and is entitled to credit therefor. If, in the conflict of evidence, the jury had found that any part of the $300 had been paid by the defendant to the firm, as alleged in the answer, such finding would be sustained by evidence that such payment was made to him as one of the firm, and before notice was given the defendant of Wagner's actual position in respect to it under the agreement.

The facts in this case were so contested and conflicting in respect to Wagner's employment by defendant, and in respect to the alleged payments on account, that they should have been left to the jury to pass upon.

As to the position taken upon the argument, but not at the trial, that some portion of this work was done before the making of the agreement, I do not very well see how the question can now be raised by the defendant, in view of the allegations of his answer, that the work was done by the firm, and that whatever is due of the money is due to the firm.

The dismissal of the complaint should be set aside, and a new trial granted, with costs to abide the event.

MONELL and FREEDMAN, JJ., concurred.