PERLEY D. MOORE AND ALLEN M. MOORE, APPELLANTS,
v. FARNHAM P. HUNTINGTON, RESPONDENT.

*Partnership — in profits, but not in property from which such profits arise.*

As between the parties to an agreement, themselves, a partnership in profits may exist, without including title in all the partners in the stock or property out of which such profits are made.

APPEAL from a judgment in favor of defendant and against the plaintiffs, on a decision by the court without a jury.

In the year 1869 an agreement was entered into between the plaintiffs, who were doing business in the city of Boston, Massachusetts, as manufacturers and dealers in leather and hides, and Huntington & Hoyle, who owned and carried on a tannery in the town of Champlain, Clinton county, New York, by which the plaintiffs, at their own cost and expense, were to furnish raw hides and send them to Huntington & Hoyle, to be tanned at their tannery. Huntington & Hoyle were to receive six and a-half cents per pound for tanning. When the hides were tanned they were to be returned to the plaintiffs at Boston, who were to sell the leather, and if, after paying H. & H. the six and a-half cents per pound for tanning, paying freights to and from Champlain, and retaining seven and a half per cent for their commissions for purchasing the hides and selling the leather, and also retaining the interest on their cash advances, there should remain any profits, the same were to be divided equally between the parties. Should a loss occur, it was to be borne equally by both parties.

Under this agreement hides were shipped to Huntington & Hoyle by the plaintiffs, from time to time, until November, 1872, soon after which date Mr. Hoyle died. After his death the defendant, Huntington, carried on the business as surviving partner, and completed the work of tanning the hides received before Mr. Hoyle's death.

In the month of April, 1873, the plaintiffs called upon Mr. Huntington, and demanded a quantity of leather in his possession, which had been tanned from raw hides sent by plaintiffs to Huntington & Hoyle, under this agreement, and which he had

not returned to plaintiffs. The defendant refused to deliver the leather. Plaintiffs thereupon brought this action, and replevied 659 sides of leather, weighing 8,246 pounds, and worth $1,855.35.

The issues were tried by Mr. Justice POTTER, without a jury, who held that the plaintiffs and Huntington & Hoyle were partners, as between themselves; and that the defendant, as surviving partner, was part owner and tenant in common, and, as such tenant in common and part owner, was entitled to the possession of the whole of the hides and leather, and rendered judgment against the plaintiffs for a return of the leather, and, in case of failure to return, then for its full value, *i. e.*, $1,855.35, and costs of the action.

*N. C. Moak*, for the appellants.

*E. Cowen*, for the respondent.

BOARDMAN, J.:

An examination of the evidence and the authorities satisfies me that the parties by their agreement did not intend to become partners, as between themselves, in the possession and ownership of the hides and leather.

Such intent where it can be ascertained will control, except perhaps as to creditors having no knowledge of the limitation. A partnership in profits may exist without including title to the stock out of which such profits arise, if such be the agreement of the partners. The most that can be claimed in this case is a partnership in profits. In reality it was a mode adopted for payment of services rendered and material used by defendant, in adding value to plaintiffs' property.

All the circumstances surrounding this transaction repel the presumption that the defendant was to acquire any title to the property. He was not even entitled to the possession, except for the purpose of bestowing his labor upon it. As soon as that was done it was to be returned to plaintiffs that they might sell it.

Indeed the defendant by his answer does not pretend that he was a partner with plaintiffs, or was joint owner with them of the leather in controversy.

This subject is discussed in 1 Parsons on Contracts (5th ed.), 157–160, and note *m; Smith* v. *Watson* (2 Barn. & Cr., 401); Story on Part., §§ 27, 36, 38; *Burckle* v. *Eckhart* (3 N. Y., 138); *Conklin* v. *Barton* (43 Barb., 435); *Penfield* v. *Dunbar* (64 id., 239).

In this respect, I think, the learned judge at the Circuit was led into an error, for which the judgment should be reversed.

From the same considerations, it must follow that defendant could not recover, in lieu of a return of the property, any thing beyond the price per pound for tanning, while the judgment below gives to him the full value of the tanned leather. At most he had only a lien for the cost of tanning. But, by the contract, he had no lien even for that. He was bound to send the leather to plaintiffs when tanned. When the leather is demanded he does not claim to hold it by virtue of any lien, although such lien is set up by way of answer. It would seem that the expenses of tanning were to be paid like commissions for buying and selling, out of the proceeds of sales of leather made by plaintiffs.

But, irrespective of this question of lien, the judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed and new trial ordered, costs to abide event.