(47 App. Div. 455.)

## TAYLOR v. MEYER et al.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

PARTNERSHIP—EXISTENCE—EVIDENCE—RENT—PARTNERS' LIABILITY.

In an action for rent the landlord testified defendant applied to him to rent the premises, and while he was showing them to him R. joined them, and introduced defendant as his partner, and the negotiations proceeded with both, witness taking the names of both to put in the lease, and their names appeared in the lease which was presented for signature; that defendant said the lease could be executed by R. in the partnership name, and witness and R. went to another place, and executed it. Defendant testified he had not, "to his knowledge," told the landlord that R. was his partner, or that one could sign for both; that he heard R. and the landlord talking about the lease, but did not say anything about it, nor see it afterwards, but admitted R. had told him he had signed it. Defendant and R. had contemplated a partnership, secured the premises to establish business, and moved some goods in, but defendant finally withdrew. He was several times about the building, and took charge of some of the property. *Held*, that defendant was chargeable as a partner.

Appeal from municipal court of New York City.

Action by Sophia G. Taylor, as executrix of the estate of Thomas J. Taylor, against Frederick C. Meyer, impleaded with William G. Ray. From a judgment for defendant Meyer, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Henry Morris Haviland, for appellant.
James J. Conway, for respondent.

HATCH, J. This action was brought to recover rent of premises at No. 59 Dekalb avenue, in the borough of Brooklyn. The lease under which the rent was claimed to have accrued was executed by William Ray & Co. and by Ray individually. There is no dispute as to the execution of the lease and the amount of the rent which has accrued thereon. The question which the case presents is whether the defendant Meyer was a partner with Ray, constituting the firm of William Ray & Co., or, if not such partner in fact, did he so act and deal with the plaintiff as to be chargeable with liability as a partner? Ray made no defense to the action, but admitted the indebtedness. The respondent denied the partnership and the execution of the lease, or any liability whatever. Upon the trial the judge dismissed the complaint as to him, and from that determination this appeal is taken.

This court is not authorized to reverse a judgment of the municipal court as being against the weight of the evidence, and, if the judgment has some substantive evidence in its support, it may not be disturbed upon appeal. Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370. The plaintiff, however, claims that upon the undisputed proof liability was established against the respondent, and this view, we think, finds support in the testimony. The agent of the plaintiff testified that the respondent applied to him to rent the premises, and that he exhibited the same to him; that subse-

quently the parties were joined by Ray, and much negotiation was had as to the business to be conducted, the purpose for which the premises were to be used, and the rent demanded. It is claimed that at this time Ray introduced the respondent as his partner. Plaintiff's testimony is to the effect that, after the terms on which the premises were to be leased had been agreed upon, he took the name of each party for the purpose of preparing the lease, and the name of each appears in the lease which was subsequently executed; that, after the lease was prepared, it was presented to the parties for their signatures at the leased premises, and that upon that occasion the respondent stated that he did not wish to leave the premises, but that the lease could be executed by Ray in the partnership name as well as by both; that, there being no ink then present, Ray and plaintiff's agent went to another place, where Ray signed the lease as heretofore stated. The respondent interposed a denial to some of this testimony. He was asked: "Did you ever say to him [plaintiff's agent] that Mr. Ray was your partner? A. No, sir; not to my knowledge. Q. If you had said it, would you remember? A. Yes, I would remember it." He then states that he heard Ray talking about the lease to the agent, but that he did not say anything about it, did not know where it was signed, and did not see it afterwards; but he also states in this connection that Ray told him he had signed it. He denied telling the agent that one partner could sign for both, and, when again asked if he was introduced as the partner of Ray, he answered, "Not to my knowledge; I never heard him." This is, in substance, all the denial which the respondent interposed. It appeared by the defendants' testimony that Ray and the defendant contemplated forming a partnership, and articles of co-partnership were drawn, but never signed, the respondent refusing to execute them; but it also appeared that prior to the drawing of the articles the respondent and Ray sought to procure a place in which to establish the business, and that the plaintiff's premises were secured, some goods being moved therein, about which the respondent assisted. According to his own statement, he was several times about the building, and took charge of some of the property therein. It also appeared that about the time the lease was executed $15 was paid thereon by Ray out of money furnished by the respondent, although the latter denied that he gave the money to Ray to pay rent, and claimed that it was an advance as a loan. It is not absolutely essential that a partnership should have actually existed in order to fasten liability upon the respondent. A person not a partner may become so charged as to third parties by holding himself out as a partner and inducing credit on the faith of such relation. Bank v. Walker, 66 N. Y. 424. Where such person so acts as to induce a belief by a third party that a partnership exists, upon which he relies, such person will be estopped from denying liability for the act which induces the belief. Conklin v. Barton, 43 Barb. 435. The evidence is undisputed that the respondent, acting upon the assumption that a partnership would be formed, negotiated with this plaintiff for the lease of these premises. He first met the

plaintiff's agent alone, stated his errand, and examined the premises. When Ray came, these negotiations were continued; and whether the respondent actively participated therein, or remained silent upon the subject, it is clear beyond dispute that he conveyed to the agent the idea that he was a party in interest. When an agreement was reached, the agent asked and received his name for the purpose of insertion in the lease, and his name is found therein. When informed by Ray that the lease had been executed, he made no objection or claim that he was not interested. He does not deny that his name was taken for insertion in the lease. On the contrary, he admits that his name was taken; and, as the only purpose for so taking it was to prepare the lease, it is practically conclusive of the fact that he must have so understood it. The case, therefore, as made before the court below, was not conflicting in those particulars which were essential to entitle the plaintiff to recover, for, upon the undisputed proof, plaintiff was entitled to a judgment, not only against Ray, but against the respondent. It follows that the judgment, so far as appealed from, should be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.