CUSHMAN K. DAVIS *vs.* CHARLES P. CHOUTEAU and another..

December 18, 1884.

**Defect of Parties Plaintiff in Action on Contract—Objection, when to be taken—Waiver.**—The Code provides (Gen. St. 1878, c. 66, §§ 92, 94, 95) that, where there is a defect of parties plaintiff or defendant, if the defect appears on the face of the complaint, the objection may be taken by demurrer; if the defect does not appear on the face of the complaint, the objection may be taken by answer; and if no such objection is taken either by demurrer or answer, the defendant is deemed to have waived the same. *Held*, that these provisions apply to a defect of parties plaintiff in actions *ex contractu*, as where a member of a partnership is not joined as plaintiff in an action on a demand due the firm; and if objection is not taken to this defect by answer, it cannot be raised upon the trial, upon a motion for a nonsuit on the ground of a variance or failure of proof.

**Same—Objection by Answer must be Specific.**—If the objection be taken by answer, it must distinctly set up the defect of parties as a defence, and must allege wherein the defect consists, specifically stating who should have been joined as plaintiff.

Appeal by defendants from an order of the district court for Ramsey county, *Brill, J.,* presiding, refusing a new trial.

*J. M. Gilman,* for appellants.

*Bigelow, Flandrau & Squires* and *Gordon E. Cole,* for respondent.

MITCHELL, J.[1]   This is an action to recover for professional services as attorney, rendered by plaintiff to defendants between February, 1881, and August, 1883, in a suit pending in the supreme court of the United States, on appeal from the United States circuit court for the district of Minnesota.   The point raised is that the evidence shows that the contract of retainer, under which the services were rendered, was made with plaintiff while he was a member of the law firm of Davis, O'Brien & Wilson, and hence was, in law, a retainer of the firm, and therefore the cause of action proved was one in favor of that

---

[1] Berry, J., being in attendance at the meeting of the State Canvassing Board, did not hear the argument, and took no part in the decision of this case.

firm, and not in favor of plaintiff individually, as alleged.    The evi-
dence does show that the services were in fact all rendered by plain-
tiff personally, after the dissolution of the firm of Davis, O'Brien &
Wilson, and that the other members of that firm, as against the plain-
tiff, never had any interest in the demand sued on.    It is rather diffi-
cult for us to see why, on that state of facts, the action was not prop-
erly brought by plaintiff as for services rendered by himself.    The rule
of law invoked by appellant, that the retainer of one member of a law
firm is a retainer of the firm, and that no subsequent dissolution of
the firm will affect the client's rights or relieve the retiring members
of the firm from responsibility, is one established entirely for the pro-
tection of the client.    See *Kell* v. *Nainby,* 10 Barn. & C. 20; *Daven-
port* v. *Rackstrow,* 1 Car. & P. 89.    But, for the purposes of this ap-
peal, we shall assume that the appellant is correct in the position that
the other members of the firm of Davis, O'Brien & Wilson should have
joined as plaintiffs.    The question remains, how should this omission
be taken advantage of ?

Under the common-law system, in actions *ex delicto,* if a party who
ought to join as plaintiff was omitted, the objection could only be taken
by plea in abatement, and not as a ground of nonsuit on the plea of
the general issue.    In actions *ex contractu,* in case of *defendants,* if
there was a non-joinder of a party jointly liable on the contract,
the same rule obtained.    But in case of *plaintiffs,* the non-joinder of
a co-contractor might be taken advantage of at the trial, under the
general issue, as a variance between the contract pleaded and that
proved.    The good sense of this distinction, while admitted to exist,
was often questioned; and it was sometimes suggested by the courts
that it would have been more convenient that the parties should, after
issue joined, proceed on the merits, than that the defendant should
be allowed to nonsuit the plaintiff on the trial.    See *Wilson* v. *Wal-
lace,* 8 Serg. & R. 52; 1 Chit. Pl. 14, note *x.*    The change made by
the Code is, we think, in accordance with this suggestion.    Under its
provisions we can see no ground for any distinction in this regard
between actions *ex contractu* and actions *ex delicto,* or between a de-
fect of parties plaintiff and of parties defendant.    We can find no
suggestion of any such distinction in any of the practice reports.    On

the contrary, we think the manifest intention was to require all objections to defects of parties, either plaintiff or defendant, whether in actions *ex delicto* or *ex contractu*, to be raised by demurrer, if they appear on the face of the complaint, (Gen. St. 1878, c. 66, § 92,) otherwise by answer, (Id. § 94;) and if not taken either by demurrer or answer, the defendant is deemed to have waived the objection. Id. c. 66, § 95. The plain purpose of these provisions is, in all cases of a defect of parties, to require the defendant to specifically raise the objection and point out the alleged defect, so that, if necessary, the court may allow an amendment supplying the defect, (as it may do, Gen. St. 1878, c. 66, § 124,) and allow the action to proceed, instead of, as formerly, permitting the defendant to join issue on the merits, and then move for a nonsuit on the trial.

We are of opinion that in the present case there was, at most, what, under the Code, must be deemed a defect of parties plaintiff, which, not appearing on the face of the complaint, could only be taken advantage of by answer setting it up as a defence, and, if not, would be waived, and could not afterwards be taken advantage of. See *Scrantom* v. *Farmers' & Mechanics' Bank*, 33 Barb. 527; *Conklin* v. *Barton*, 43 Barb. 435; *Abbe* v. *Clark*, 31 Barb. 238; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Merritt* v. *Walsh*, 32 N. Y. 685. We have carefully examined all the authorities cited by appellant, and find, so far as they bear on this question, that they were either under the former system, or else the objection was properly raised by answer. See *Slutts* v. *Chafee*, 48 Wis. 617. It is contended, however, that the objection is sufficiently made by answer in this case. When carefully analyzed, and compared with the allegations of the complaint, it will be found that this answer amounts, practically, to nothing but a denial of the complaint, and was never intended and cannot be construed to set up the defence of a defect of parties. Such a defence must be set up distinctly, and must specifically show wherein the defect consists, and who should have been joined as a party.

Order affirmed.