SANDWICH MANUFACTURING COMPANY *vs.* DAVID T. HERRIOTT, impleaded, etc.

July 18, 1887.

**Pleading—Defect of Parties—Waiver.**—The objection that there is a defect of parties defendant, by reason of the non-joinder of one member of a partnership in an action upon a promissory note, made by another member thereof in the firm name, must appear upon the face of the pleadings, or it is waived.

Appeal by defendant Herriott from a judgment of the district court for Polk county, where the action was tried before *Stearns*, J., and a jury. The action is brought upon notes made in the name of Kimberly & Herriott. The defendant Herriott only was served with summons.

*John N. Ives*, for appellant.

*H. H. Phelps*, for respondent.

VANDERBURGH, J.[1] The judgment was properly rendered against the defendant Herriott. He was sued as a member of the firm of Kimberly & Herriott, and it was alleged and proved that there was such a partnership, and that he executed the notes sued on as a member thereof in the firm name. There is no doubt of his liability on the notes. Samuel Kimberly, who was not served, and who did not appear, was joined as the other partner. At the trial the defendant Herriott claimed, and proceeded to prove, that Samuel Kimberly was never a member of the firm. He cannot now be heard to complain that the court ruled in accordance with his contention on this question, and he was not legally prejudiced by the misjoinder. Pom. Rem. § 290.

He also offered evidence, in the same connection, to prove that one P. L. Kimberly was the other partner; but the court very properly held that the defect of parties by reason of the failure to name P. L. Kimberly as one of the defendants could only be taken advantage of by answer. It is the purpose of the statutory provision on this sub-

[1] Berry, J., owing to illness, took no part in this case.

ject to require such objections to be taken before the trial upon the merits; and that this rule is applicable in such a case as this is settled in *Davis* v. *Chouteau*, 32 Minn. 548, (21 N. W. Rep. 748.) Under the circumstances, we are unable to see why the record might not have been amended by adding the name of the proper party, but this the defendant did not ask. He evidently relied upon the mistake and non-joinder as fatal to the action. His real defence was a defect of parties, and this was waived by the general nature of his answer, which served to conceal the point he intended to rely on. The judgment is a just one, and the construction of the statute which prevents a defendant from defeating an action at the trial on the merits, through the omission of one of several joint parties, or a mistake of a name, where the defendant served fails to point it out by his pleading, is evidently the proper one.

Judgment affirmed.