GEORGE A. MASON v. ST. PAUL FIRE & MARINE INSURANCE
COMPANY.[1]

January 30, 1901.

Nos. 12,390—(214).

### Fire Insurance—Proof of Loss.

By the terms of the Minnesota standard insurance policy, the insured
is required to furnish the insurance company proofs of loss within a
specified time after a loss occurs, but such policy does not provide that
a failure to do so shall work a forfeiture of the rights of the insured, nor
make the same a condition precedent to the liability of the company.
It is *held* that the time within which such proofs are so required to be
furnished is not of the essence of the contract, and a failure to furnish
them within such time does not invalidate the policy, nor work a for-
feiture of the rights of the insured.

### Same—Failure Works no Forfeiture.

No forfeiture being provided by the terms of the policy, the effect of a
failure to comply therewith, as to time of furnishing such proofs, is to
postpone the day of payment, and not to invalidate the policy.

### Former Decisions.

Former decisions of the court examined and distinguished.

### Defect of Parties Plaintiff.

A defect of parties plaintiff, appearing on the face of the complaint,
*held* waived, the objection not having been taken by demurrer.

## On Petition for Rehearing.

February 7, 1901.

### Defect of Parties—Objection by Answer.

Where there is a defect of parties plaintiff, and the objection is taken
by answer, defendant is not, on the defect being shown on the trial,
entitled to verdict on the merits of the action, but at most only to a
dismissal; and when, in such case, no motion is made to dismiss the
action because of such defect, it is waived.

Action in the district court for Ramsey county to recover $666.66
on a fire insurance policy. The case was tried before Otis, J., and

[1] Reported in 85 N. W. 13.

a jury, which rendered a verdict in favor of plaintiff for $635.16. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.   Affirmed.

*Palmer & Beek*, for appellant.

*Lane & Nantz* and *Thomas Kneeland*, for respondent.

BROWN, J.

This action is one to recover upon a fire insurance policy, issued by defendant to plaintiff and one Mabey, covering a steam yacht on the waters of Lake Minnetonka.   Plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial.

The facts, briefly stated, are as follows:   Plaintiff and Mabey jointly owned the yacht in question, and insured it in defendant company for the sum of $1,000, the policy of insurance being in the form of the Minnesota Standard Policy, and dated and issued July 14, 1899.   On August 22 following the yacht was totally destroyed by fire, as alleged in the complaint.   Proofs of loss were served upon defendant on October 10, 1899.   Defendant refused to settle the loss, and this action followed.

There are several assignments of error, but the main question for consideration is as to the effect of the failure on the part of the insured to make and serve on the company proofs of loss within the time prescribed by the terms of the policy, viz. forthwith, or, as we have heretofore held, within a reasonable time after the loss.   The trial court charged the jury that plaintiff had failed to show a compliance with such provision, but that it was not material; that the failure did not invalidate the policy, nor prevent a recovery for an actual loss thereunder,—the theory of the court evidently being that as the policy contains no terms of forfeiture, and being silent as to the effect of a failure in that respect, a provision rendering the policy unenforceable, and the rights of the insured forfeited, could not be read into it by judicial construction.   We have given the matter very careful consideration, and reach the conclusion that the learned trial judge correctly disposed of the case.   His charge to the jury was in line with the general trend of the authorities on the subject, and in

full accord with the general principles of law on the subject of forfeitures. The question was not necessarily involved or considered in Rines v. German Ins. Co., 78 Minn. 46, 80 N. W. 839, nor in Fletcher v. German-American Ins. Co., 79 Minn. 337, 82 N. W. 647, and is now before the court for the first time.

On the subject of proofs of loss, the policy provides as follows:

"In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured," etc.

It further provides for the payment of any such loss within sixty days after proofs of loss are served. It contains several provisions, a violation or failure of compliance with which on the part of the insured renders it wholly void, but contains no provision or stipulation giving any such effect to a failure to serve proper proofs of loss within the time therein provided. Nor is there any general clause in the policy to that effect. The submission to arbitration as to the amount of loss, where the parties do not agree upon that question, is made a condition precedent to the right of action on the policy. The policy also provides that an action thereon must be brought within two years from the date of the loss, but contains no provision making the service of proofs of loss within the time specified fatal to the rights of the insured, or a condition precedent to the liability of the company.

It is very generally held by the authorities in cases where this question has been presented, that unless the policy provides a forfeiture, or makes the service of proofs of loss within the time specified therein a condition precedent to the liability of the company, the time within which such proofs are required to be furnished is not of the essence of the contract. Where no forfeiture is provided by the terms of the contract, and the service of proofs of loss within the specified time is not made a condition precedent to the liability of the company, the effect of such failure is simply to postpone the day of payment. No liability attaches to the company, however, until such proofs are furnished; but unless otherwise provided, expressly or by fair implication, it is

not important that the proofs be not in fact served within the time stated in the policy. 2 May, Ins. (4th Ed.) 1097, note a; Coventry v. Evans, 102 Pa. St. 281; Carpenter v. German-American, 52 Hun, 249, 4 N. Y. Supp. 925; Vangindertaelen v. Phenix, 82 Wis. 112, 51 N. W. 1122; Rynalski v. Insurance, 96 Mich. 395, 55 N. W. 981; Northern v. Hanna (Neb.) 82 N. W. 97; Steele v. German, 93 Mich. 81, 53 N. W. 514; Kenton v. Downs, 90 Ky. 236, 13 S. W. 882; Sun v. Mattingly, 77 Tex. 162, 13 S. W. 1016; Kahnweiler v. Phoenix (C. C.) 57 Fed. 562; Southern v. Knight, 110 Ga. 622, 36 S. E. 821.

It was held by this court in Bowlin v. Hekla F. Ins. Co., 36 Minn. 433, 31 N. W. 859; Shapiro v. Western Home Ins. Co., 51 Minn. 239, 53 N. W. 463; Shapiro v. St. Paul F. & M. Ins. Co., 61 Minn. 135, 63 N. W. 614; and Ermentrout v. Girard F. & M. Ins. Co., 63 Minn. 305, 65 N. W. 635,—that a failure of strict compliance with similar provisions in the policies there under consideration was a condition precedent to the company's liability, but such policies contained express provisions to that effect, and the decisions there made were based upon that fact. The cases are inapplicable, and not in point. Though the policy here under consideration is identical with those in Rines v. German Ins. Co. and Fletcher v. German-American Ins. Co., supra, the precise question now before the court was not there presented. It was suggested in respondent's brief in the latter case, but was not argued by appellant. It was there assumed that compliance with the policy was essential to charge the company with liability, and the only questions decided with respect to this immediate subject were that "forthwith" should be construed to mean within a reasonable time, and that what would constitute a reasonable time was a question of fact to be determined from the evidence and circumstances of each case.

There is much force in the contention of counsel for appellant that the insured should be held to a strict compliance with this provision of the policy. There is every reason why prompt notice should be given the insurance company. Some of them are suggested in Fletcher v. German–American Ins. Co., supra. Immediate notice, or notice within a reasonable time, will afford the

company an opportunity to make investigation into the cause of the fire, which may be essential and necessary to the protection of its interests, and to which it is justly entitled. It will afford the company an opportunity to detect fraud, if any be connected with the loss, to ascertain the nature and extent of the loss, and make such other investigation as would be fruitless after long delay. But the policy before us contains no provisions which will justify a holding that a strict compliance therewith in this respect is essential, and the matter must be referred to the legislature to consider and adjust by proper amendment to the standard policy law, if such amendment shall be deemed just and equitable.

Appellant contends, further, that there is a defect of parties plaintiff, and that for this reason a verdict should have been directed for defendant. The contention that there is a defect of parties plaintiff is undoubtedly sound, but defendant waived the objection. The complaint alleges that plaintiff owns an undivided two-thirds of the yacht, and that Mabey owns an undivided one-third. It therefore appears upon the face of the complaint that plaintiff and Mabey were joint owners of the insured property, and the objection that there was a defect of parties should have been taken by demurrer, and, not having been so raised, was waived. Davis v. Chouteau, 32 Minn. 548, 21 N. W. 748; Miller v. Darling, 22 Minn. 303.

A careful examination of the record does not satisfy us that defendant was prejudiced by the remarks of plaintiff's counsel in his address to the jury, and the assignments of error covering exceptions to such remarks present no reversible error.

Order affirmed.

On Petition for Rehearing.

February 7, 1901.

PER CURIAM.

We probably disposed of the question as to a defect of parties plaintiff upon an erroneous ground, and thereby placed counsel for appellant in an incorrect position. Our attention is now called to the fact that, although the joint ownership of the yacht

appears from the complaint to have been in plaintiff and Mabey, the complaint contains a further allegation that defendant had settled with and paid Mabey for his interest. This settlement is denied by the answer. The defect of parties does not, therefore, appear upon the face of the complaint, and was properly raised by defendant's answer. This branch of the case was not presented in appellant's brief in a manner to impress the court that it was considered of much importance, and an explanation of the error of the court is found in that fact. But there is no reason for granting a rehearing.

The defect of parties was clearly waived by defendant. At no time during the trial of the action was the point called to the attention of the trial court, except at the close of the evidence, and then only by a request for an instructed verdict in defendant's favor. The record discloses that at the close of the trial counsel for defendant made the following request:

"I desire to request, and do request, the court to direct a verdict in favor of the defendant. We still contend there is a defect of parties plaintiff." ·

No motion was made at any stage of the trial to dismiss the action for this defect, but advantage was sought to be taken of it by a request for a directed verdict on the merits of the case. The court charged the jury that it was immaterial what had become of the interest of Mabey, or whether defendant had settled with and paid him, and that plaintiff was entitled to recover the value of his two-thirds interest. To this defendant took no exception. The only suggestion to the trial court that the question was relied on is found in the above-requested instruction. Defendant was not entitled to a verdict on the merits. It was, at most, only entitled to a dismissal of the action, and this was not asked for. N. W. C. & C. Pavement Co. v. Norwegian-Danish Evangelical Lutheran Augsburg Seminary, 43 Minn. 449, 45 N. W. 868; Johnson v. Robinson, 20 Minn. 153 (170); Cover v. Town of Baytown, 12 Minn. 71 (124); Sandwich Mnfg. Co. v. Herriott, 37 Minn. 214, 33 N. W. 782.

Application for a rehearing denied.