ELWIN A. POPE v. L. B. WAUGH and Another.[1]

May 12, 1905.

Nos. 14,321—(149).

**Action by Foreign Administrator.**

The failure of a foreign administrator, before commencing an action in this state, to file a copy of his letters of administration in the office of the probate court of the county in which the action is brought, affects merely his capacity to sue in our courts, and is waived, unless objection is taken by answer or demurrer, as provided by section 5235, G. S. 1894.

---

[1] Reported in 103 N. W. 500.

**Waiver of Objection.**

The failure to file such copy does not appear upon the face of the complaint in this action, and, objection not having been made by answer, defendant waived it.

**Case Distinguished.**

Fogle v. Schaeffer, 23 Minn. 304, distinguished.

Appeal by plaintiff from a judgment of the district court for Hennepin county dismissing the action, entered pursuant to the order of Willard R. Cray, J. Reversed and new trial granted.

*W. W. Fry* and *Everett Moon,* for appellant.

*Charles H. Howard,* for respondents.

BROWN, J.

This action was brought by plaintiff, as a foreign administrator, to recover upon a promissory note belonging to the estate of his intestate. The complaint alleged that, on the date therein stated, defendants made and delivered to Florus C. McKay a promissory note for the sum of $500; that Florus C. McKay died in the state of Iowa on June 2, 1902; that thereafter, in the district court of Polk county, in that state, that court having jurisdiction, plaintiff was duly appointed administrator of his estate; that he subsequently duly qualified as such, and entered upon the discharge of his duties. There was no allegation that a copy of the letters of administration was, prior to the commencement of the action, filed in the office of the probate court of Hennepin county, this state, the county where the action was brought, as required by section 5917, G. S. 1894. The answer was a general denial. At the trial plaintiff offered evidence to sustain the allegations of the complaint, and rested his case. Defendants then affirmatively proved the failure of the administrator to file a copy of the letters of administration in this state, and moved the court for a dismissal of the action, on the ground that the failure to file such copy was fatal to plaintiff's right of recovery. The court granted the motion, judgment was ordered for defendants, and plaintiff appealed.

The order appealed from must be reversed. The failure of plaintiff to file the certified copy of his letters of administration went to his capacity to sue, and, not having been raised by answer, was waived. Section 5235, G. S. 1894, provides, in effect, that, when the legal ca-

pacity of the plaintiff to sue does not affirmatively appear upon the face of the complaint, objection must be taken by answer; if it does affirmatively appear, it must be taken by demurrer. Want of capacity to sue did not affirmatively appear from the complaint in this case, and the objection, not having been raised by answer, was, under this statute, waived.

The learned court below cited and relied upon the case of Fogle v. Schaeffer, 23 Minn. 304. But that case is clearly distinguishable. In that action the complaint affirmatively alleged that a copy of the plaintiff's letters of administration had been duly filed in the proper office in this state. This allegation was denied by defendant's answer, thus putting the question in issue. Plaintiff failed to prove the fact so alleged, and the court held that it was fatal to his right of recovery. The objection there was sufficiently raised by the denial in the answer of the express allegation in the complaint that a copy of the letters had been filed. But no such issue was made by the pleadings in the case at bar. The case of Hamilton v. McIndoo, 81 Minn. 324, 84 N. W. 118, cited by respondents, is not in point. The only question decided in that case was that the complaint was defective in not containing a proper allegation of the appointment of plaintiff as administrator. The question whether a copy of his letters of administration should have been filed was not involved.

This is not a case in which it would be proper for the court to order final judgment as urged by appellant.

Judgment reversed and new trial granted.