## ETHEL STOLOROW and Others v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

July 16, 1915.

Nos. 18,909—(28).

**Mutual benefit association — expulsion of member.**

1. A member of a fraternal insurance association, whose membership is attempted to be terminated by expulsion after proceedings had by the order on charges made against the member, may, by acquiescence in the result, lose such membership, whether the proceedings be legal or not.

**Question of acquiescence for the jury.**

2. The court erred in refusing to submit to the jury the question whether or not the deceased member acquiesced in the action of the society expelling her and cancelling her certificate.

Action in the district court for Ramsey county to recover $2,000 upon defendant's benefit certificate upon the life of Rebecca Marmer. The case was tried before Olin B. Lewis, J., who when plaintiffs rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,836.07. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*William G. White* and *Harvey E. Hall,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

[1] Reported in 153 N. W. 848.

SCHALLER, J.

Plaintiffs are the beneficiaries named in the certificate issued by defendant to Rebecca Marmer December 21, 1905. She died August 13, 1912. From the date of her admission of membership in defendant society, and up to the month of April, 1910, the insured paid all assessments and dues levied against her and was presumably a member in good standing of the society.

In the month of April, 1910, certain proceedings were had, as a result of which Rebecca Marmer received a notice that her membership in defendant organization had been terminated by expulsion. A check for $11.70, the assessments for two months, was mailed to her by defendant. It was never indorsed by her and she never received the proceeds, although her son-in-law in fact did receive credit for the amount of the check.

Defendant requested the court to submit to the jury the question as to whether or not Rebecca Marmer had, by receiving and retaining the check and by other acts in evidence, acquiesced in the expulsion. This request was denied by the court. Leaving out of consideration the questions raised by the other assignments of error, we are clearly convinced that the action of the court in denying this request was error.

Under the evidence the jury could have found that Rebecca Marmer acquiesced in the action of the National Executive Committee, terminating her membership.

For error in refusing to submit this question to the jury a new trial must be had.

Order reversed and new trial granted.

HOLT, J.

In my opinion this case is ruled by Rigler v. National Council of Knights and L. of Security, 128 Minn. 51, 150 N. W. 178, and judgment should be ordered for defendant.