## ETHEL STOLOROW AND OTHERS v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

January 7, 1916.

Nos. 19,645—(258).

**Misjoinder of causes — waiver by defendant.**

> Where the fact that several causes of action are improperly united appears upon the face of the complaint, the objection must be taken by demurrer or it is waived.

Action in the district court for Ramsey county to recover $2,000 upon defendant's benefit certificate upon the life of Rebecca Marmer. From an order denying defendant's motion for judgment on the counterclaim pleaded in the answer, defendant appealed. Affirmed.

*William G. White,* for appellant.

*James E. Markham* and *A. J. Hertz,* for respondents.

BUNN, J.

Plaintiffs are the sons and daughters of Rebecca Marmer, deceased, and brought this action to recover on a beneficiary certificate issued by defendant to said Rebecca Marmer, by the terms of which defendant, as stated in the complaint, agreed to pay upon the death of said Rebecca Marmer the sum of $2,000, to be paid as follows: "Ethel Stolorow, $1,000; Harry, Fanny, Lewis, Mabel, Philip and Morris Marmer $1,000 equally." Defendant did not demur to this complaint, but answered on the merits, alleging various defenses, and making no point as to a misjoinder of causes of action. Issues were joined and the case went to trial, resulting in a verdict for plaintiffs, March 25, 1914. An order refusing a new trial was reversed by this court because of an error in refusing a requested instruction. Stolorow v. National Council of Knights and Ladies of Security, 130 Minn. 345, 153 N. W. 848. Defendant recovered judgment in this court in the sum of $192.50 for its

1 Reported in 155 N. W. 756.

costs and disbursements, and the case was remanded for a new trial. Defendant then amended its answer, setting up the judgment in this court as a counterclaim, and inserting an allegation to the effect that a misjoinder of causes of action appeared upon the face of the complaint, by reason whereof this action could not be maintained. Judgment was demanded that plaintiffs take nothing, and that defendant recover on the counterclaim.

The counterclaim being admitted, defendant moved for judgment on the pleadings for the amount thereof with interest and costs. The ground of this motion was that it appeared upon the face of the complaint that there was a misjoinder of causes of action; that is, one cause of action in favor of Ethel Stolorow, and a separate and distinct cause of action in favor of the other plaintiffs. Defendant appeals from an order of the trial court denying this motion.

Defendant bases its contention that there is a misjoinder of causes of action upon the rule, seemingly supported by the authorities, that where a policy of insurance provides for the payment of different sums to different persons, it is improper for the beneficiaries to join in one action to recover the several sums due. Each must bring a separate action for his share. 2 Bacon, Benefit Soc., § 452; Niblack, Benefit Soc., p. 621; Keary v. Mutual Reserve Fund Life Assn. 30 Fed. 359; Emmeluth v. Home Benefit Assn. 122 N. Y. 130, 25 N. E. 234, 9 L.R.A. 704; Conard v. Southern Tier Masonic Relief Assn. 101 App. Div. 611, 93 N. Y. Supp. 626; Campbell v. National Life Assurance Co. 34 U. C. Q. B. R. 35; Fraser v. Phoenix Mut. Life Ins. Co. 36 U. C. Q. B. R. 422. We are not disposed to express any disagreement with the rule as stated and applied in the authorities cited, but it is unnecessary to announce it as the law in this state, as we have reached the conclusion that the point was not raised in the proper way in this case.

Our statute as to the remedy for misjoinder of causes of action and defect of parties plaintiff is G. S. 1913, §§ 7754, 7755. Section 7754 provides that the defendant may demur to the complaint if it shall appear therefrom either "(2) that the plaintiff has not legal capacity to sue; (3) that there is another action pending; (4) that there is a defect of parties, plaintiff or defendant; (5) that several causes of action are improperly united." Section 7755 reads as follows:

"The demurrer may be taken to the whole complaint, or to any of the causes of action therein stated. It shall specify the grounds of objection; otherwise it may be disregarded. If any such ground exists, but does not appear upon the face of the complaint, the objection may be taken by answer. If not taken by either demurrer or answer, the defendant shall be deemed to have waived the same," etc.

When the defect of parties plaintiff and defendant appears upon the face of the complaint, the objection must be taken by demurrer, or it is waived. Davis v. Chouteau, 32 Minn. 548, 21 N. W. 748; Mason v. St. Paul F. & M. Ins. Co. 82 Minn. 336, 85 N. W. 13, 83 Am. St. 438. This is true also of the objection of want of capacity to sue. Pope v. Waugh, 94 Minn. 502, 103 N. W. 500, and of the objection that another action is pending between the parties for the same cause. Somers v. Dawson, 86 Minn. 42, 90 N. W. 119. We perceive no sound reason why it should not be equally true that, where a misjoinder of causes of action appears from the face of the complaint, the objection must be taken by demurrer. These four grounds for demurrer are all put upon the same basis in section 7755 providing that, "if any such ground exists, but does not appear upon the face of the complaint, the objection may be taken by answer." The statute does not directly say that any of the objections must be taken by demurrer when they appear upon the face of the complaint, but we have construed it to mean this as to the objections of a defect of parties, want of capacity to sue, and another action pending. This construction, if justified as to these objections, which we think it clearly is, seems equally right as to the objection of misjoinder. The contention of counsel for defendant that we have held that this objection may be taken by either demurrer or answer when it appears upon the face of the complaint, is not borne out by the cases relied upon. The point seems never to have been directly involved or decided. All of the cases in which it has been said that the objection is waived, unless taken by demurrer or answer, have been cases where the point was attempted to be raised for the first time on the trial. This was the situation in Campbell v. Railway Transfer Co. 95 Minn. 375, 104 N. W. 547, and the statement in the opinion that, "if this objection had been raised by way of answer or demurrer, this court would have been called upon to determine the question" was *obiter,*

and plainly not intended as a holding that defendant, when the misjoinder appeared from the complaint, had the option of making the point by demurrer or by answer. James v. Wilder, 25 Minn. 305; Densmore v. Shepard, 46 Minn. 54, 55, 48 N. W. 528, 681, and Sleepy Eye Milling Co. v. Chicago & N. W. Ry. Co. 119 Minn. 199, 137 N. W. 813, are all cases where no objection was raised by either demurrer or answer, and are only authority for the self-evident proposition that this is a waiver. They do not decide, either directly or by inference, that the objection may be taken by answer when the misjoinder appears upon the face of the complaint.

We fail to find merit in the argument of counsel attempting to justify a rule in the case of misjoinder of causes of action different from the rule in the case of a defect of parties. It is true that the objections are separate and distinct from each other, but we see no difference between them that warrants a different rule. It works no hardship and seems entirely just to compel a defendant to raise the objection by demurrer, as he has a plain right to do, when it appears upon the face of the complaint. It tends to good practice. We adopt the rule that, where the fact that several causes of action are improperly united appears upon the face of the complaint, the objection must be raised by demurrer, or it is waived.

Order affirmed.  ———————