## WILLARD HEMINGSEN DALSGAARD v. WILLIAM A. MEIERDING.[1]

June 28, 1918.

No. 20,908.

**Physician and surgeon — negligence — verdict sustained by evidence.**

1. Evidence considered and *held* sufficient to support the findings of the jury upon the question of defendant's alleged negligence.

**Parties to action — defect of parties waived by answer to the merits.**

2. Action to recover damages for injuries to a minor, brought by his father under G. S. 1913, § 7678. *Held*, that by answering to the merits, defendant waived the objection that a defect of parties plaintiff appeared upon the face of the complaint. It is further *held* that the appointment of a guardian ad litem thereafter was proper.

**Charge to jury.**

3. The case was fairly submitted to the jury, and we find no reversible error in the charge.

Action in the district court for Brown county by a minor by his guardian ad litem to recover $10,000 for personal injuries. The case was tried before Olsen, J., who when plaintiff rested denied defendant's mo-

[1]Reported in 168 N. W. 584.

tion to dismiss the complaint and proceedings, and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $1,750. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Moore, Oppenheimer & Peterson* and *Somsen & Dempsey*, for appellant.

*Erickson & Loomis*, for respondent.

QUINN, J.

Action to recover damages for injuries sustained by the minor child named as plaintiff herein, as the result of alleged negligence on the part of the defendant. Plaintiff recovered a verdict, and from an order denying his motion for judgment or a new trial the defendant appealed.

The parents of the plaintiff, and the defendant who is a physician and surgeon, all reside at Springfield in this state. During the evening of February 24, 1917, in response to a call, the defendant went to the Dalsgaard home to attend Mrs. Dalsgaard in childbirth. Upon arriving at the home the doctor found Mrs. Dalsgaard sitting near the heater and immediately put her to bed. She complained of being cold. He asked for a hot water bottle, and being informed that they had none, he directed the husband and grandmother to wrap some hot flat irons and place them in the bed at the patient's feet so as to warm her. These directions were complied with. Shortly thereafter the mother was delivered of the child named in this action as plaintiff.

When the baby was born it did not breathe well, and to stimulate and start it breathing the doctor slapped the child a few times and then laid it back with its mother and placed a cover over him. Shortly the child began to cry vigorously. The mother remarked about the fact. The doctor raised the child up, but placed it back. The child continued to cry, and finally the defendant lifted the quilt and saw the flat iron against the baby's head. He removed the iron and said to the parents: "It is no wonder the baby continues crying so long, as the flat iron has become unwrapped and has slid against the baby's head." The right side of the face had been burned, the burn extending several inches above the ear and several inches below the lobe of the ear. The burn was deep, down

to the skull. Later the upper rim of the ear sloughed off and a part of the outer layer of the skull bone came out. The defendant testified that the mother moved about in the bed considerably during her labor, but remained practically quiet thereafter; that he paid no attention to how the irons were placed in the bed; that it was the continuance of the cry that caused him to raise the cover and discover the flat iron.

It is not necessary to detail the testimony bearing upon the question of negligence. It is claimed on the part of the plaintiff that the defendant knowing of the presence of the hot flat irons in the bed, it was negligence on his part to have failed to look where he placed the child. That he should have considered that the motion of the mother during her labors was likely to interfere with the flat irons and cause them to become unwrapped and move toward the middle of the bed where the child was placed, and that his duty as the physician in charge required of him to look so as to avoid the hot iron, and that his failure so to do was negligence for which he is liable.

It is the claim of the defendant, that the child was accidentally burned, without any fault or want of care on his part. It is also insisted on his behalf that the testimony in the case is insufficient to support the verdict. The case is not only an unfortunate, but a very unusual one. Physicians generally, as is their duty under circumstances as detailed in this case, look well to the surrounding conditions and to the welfare of their patients. But we are unable to say in this case that the findings of the jury are not supported by the testimony. The trial court fully and fairly submitted the case to the jury, and their verdict is final.

The action as brought was "Willard Hemmingsen Dalsgaard, a minor, by Hans Dalsgaard, his father, vs. William A. Meierding." Defendant answered, putting in issue all of the allegations of the complaint. At the opening of the trial defendant objected to the introduction of any testimony on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The court overruled the objection, holding that the action was brought under section 7678, G. S. 1913, and that the defendant, by answering to the merits, had waived the objection that there was a want of capacity in the plaintiff to sue. After verdict and upon petition for appointment of a guardian ad litem, the court made an

order appointing Hans Dalsgaard guardian ad litem of Willard Hemmingsen Dalsgaard, and authorized him to prosecute the action.

Section 7754, G. S. 1913, provides that where there is a want of capacity to sue appearing affirmatively upon the face of the complaint, the defendant may demur thereto, and section 7755 provides that objections not so taken by demurrer shall be deemed waived. The ruling of the trial court was correct. Pope v. Waugh, 94 Minn. 502, 103 N. W. 500.

We have examined the charge given by the trial court to the jury, and find no error therein.

Affirmed.