## ANDREW BRAZNEY v. W. A. BARNARD.[1]

January 14, 1927.

No. 25,743.

**Verdict sustained that defendant automobile driver was negligent and plaintiff driver was free of fault.**
1. Evidence *held* sufficient to sustain a finding of the jury of negligence on the part of defendant and that the plaintiff was not guilty of contributory negligence.

**When want of capacity to sue is waived.**
2. Under G. S. 1923, § 9252, want of capacity to sue in our courts is waived unless objection is taken by answer or demurrer.

**Evidence sustained verdict as reduced by trial court.**
3. Evidence *held* sufficient to justify the verdict as reduced by the trial court and that there was no reversible error in refusing to give defendant's request to charge.

Damages, 17 C. J. p. 1091 n. 85.
Motor Vehicles, 28 Cyc. p. 47 n. 20.
Pleading, 31 Cyc. p. 737 n. 1.

Defendant appealed from a judgment of the district court for Marshall county, Grindeland, J., denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Hubert Harvey* and *Julius J. Olson*, for appellant.

*William W. Meiners, Frank E. McAllister* and *John J. Keefe*, for respondent.

QUINN, J.

This is an action to recover damages for an injury alleged to have been caused by the negligent manner in which the defendant operated his automobile on First street in the city of Thief River Falls on February 15, 1924. The answer was a general denial and a

[1]Reported in 211 N. W. 949.

charge of contributory negligence on the part of plaintiff. There was a verdict for $8,000 in favor of plaintiff, a settled case and motion for a new trial. The court filed an order granting a new trial unless the plaintiff filed his consent to a reduction of the verdict to $6,000. The consent was filed and the defendant appealed.

First street in the city of Thief River Falls is 42 feet between curbs and extends practically east and west. Bridge street extends in a northwesterly direction, crossing a river upon a bridge about 100 feet before connecting with First street. On the day in question, at about 3 o'clock in the afternoon, plaintiff crossed this bridge to a point 100 feet distant from the bridge on First street where his car stopped presumably for the want of gas. Plaintiff procured an oil can which he had in his car and started toward the east curb. At this time defendant was driving his car in a northwesterly direction along Bridge street. As he passed over and left the bridge, he saw the plaintiff walking from his car to the curb with the oil can in his hand. Defendant's car was moving at the rate of from 15 to 20 miles or more per hour. He did not slacken his speed. He testified that he saw plaintiff walking back toward his car; that he could not turn to the right without tipping over and could not turn to the left without striking plaintiff's car; that the space between the man and his car was narrow and he could not slow up for fear of running directly over the man; that he drove as near to plaintiff's car as he could but the right end of his bumper struck the man and he fell down; that he then applied his brake and stopped his car within about 100 feet.

Other witnesses testified that the distance between plaintiff's car and the curb was 10 or 12 feet; that plaintiff stepped out of his car with an oil can in his hand, walked toward the curb, set the can down and turned back toward his car; that when he was struck and fell he was about three feet from the curb.

The trial court clearly and fully submitted the questions of negligence and contributory negligence to the jury and no exception was taken to the charge in that respect. The public highway act of this state provides that the driver of any vehicle passing another

vehicle traveling in the same direction shall drive to the left of the middle of the traveled part of the road and, if such road be of sufficient width to permit such passing, the driver of the leading vehicle shall not obstruct the same. G. S. 1923, § 2621. The testimony was conflicting as to the exact location of plaintiff's car in the road, as well as to the width and condition of the road to the left thereof. The court very properly instructed the jury as to the situation and the law applicable, including the speed of automobiles traveling on highways, and as to the rights and duties of drivers when approaching and passing over intersections.

In submitting this case to this court, counsel urged that appellant was entitled to a reversal because it conclusively appears that respondent is insane and therefore is without legal capacity to sue. We do not concur in this contention. If such defect appeared from the complaint, it should have been taken advantage of by demurrer; otherwise by answer. Not having been taken advantage of by either demurrer or answer, it is deemed to have been waived. G. S. 1923, § 9252; Pope v. Waugh, 94 Minn. 502, 103 N. W. 500; Stolorow v. National C. of K. & L. of S. 132 Minn. 27, 155 N. W. 756; Dalsgaard v. Meierding, 140 Minn. 388-391, 168 N. W. 584.

We have examined the record and the charge of the court with considerable care and without further discussion can say that the evidence in our opinion justifies the verdict as modified by the court; that the charge of the court submitted to the jury the material issues involved and that there was no reversible error in refusing to give the request to charge.

Affirmed.