C. H. ROSSMAN v. CYRIL MITCHELL and Another.

July 2, 1898.

Nos. 10,983—(88).

**Fraudulent Conveyance by Insolvent—Replevin by Receiver.**
Where an insolvent debtor has transferred his personal property to defraud his creditors, his assignee or receiver in insolvency may avoid such sale by demanding of the fraudulent vendee a return of the property; and, if the demand is refused, he may replevy the property, or sue the vendee for the value thereof. He is not required to first bring an equitable action to set aside the sale.

**Pleading—Appointment of Receiver—Omission of Proceeding or Court—Demurrer—Legal Capacity to Sue—Assignment of Error.**
An allegation in general terms by a plaintiff, suing as a receiver, that at such a time, in such an action or proceeding and by such a court or officer, he was duly appointed receiver of the estate of such a party, is sufficient. But a complaint which does not state the action or proceeding or the court in and by which the plaintiff was appointed receiver is not sufficient on demurrer.

Action in the district court for Hennepin county by the receiver of the Fred B. George Stationery Company, an insolvent corpora-

tion, to recover $1,000. The substance of the complaint is stated in the opinion. From an order, Johnson, J., overruling the demurrer to the complaint, defendants appealed. Reversed.

Appellants' assignment of error was as follows:

"The trial court erred in making its order herein overruling the demurrer of defendants to the complaint of the plaintiff herein, wherein, by said demurrer, it was alleged that the said complaint did not state facts sufficient to constitute a cause of action as against the defendants herein."

*Van Fossen & Frost*, for appellants.

The allegation as to plaintiff's appointment as receiver of the insolvent is insufficient. Sawyer v. Harrison, 43 Minn. 297; In re Shakopee, 37 Minn. 91; Stewart v. Beebe, 28 Barb. 34; White v. Joy, 13 N. Y. 83; Gillet v. Fairchild, 4 Denio, 80.

Even if the conveyance was constructively fraudulent, it was voidable merely, and not void. Hence plaintiff could not maintain an action for conversion, but his only remedy is a direct proceeding against appellants in equity to set aside the transfer, on the ground that it is voidable at the election of the receiver as the representative of creditors. Bowlin v. Furman, 28 Mo. 427; Kitchen v. St. Louis, 69 Mo. 224, 260; Poole's Case, L. R. 9 Ch. Div. 322; Brewer v. Boston, 104 Mass. 378; Harts v. Brown, 77 Ill. 226; U. S. v. Atlantic, 34 Oh. St. 450. Under the insolvency law of this state, such a conveyance as this is only voidable at the suit of the receiver brought for the express purpose of having it declared void. Farmers L. & T. Co. v. Minneapolis, 35 Minn. 543; Bliss v. Doty, 36 Minn. 168; Merrill v. Ressler, 37 Minn. 82; Daniels v. Palmer, 41 Minn. 116; Beardslee v. Beaupre, 44 Minn. 1; Gallagher v. Rosenfield, 47 Minn. 507; Chamberlain v. O'Brien, 46 Minn. 80; Clerihew v. West Side Bank, 50 Minn. 538; Schlitz Brewing Co. v. Childs, 65 Minn. 419; Baumann v. Cunningham, 48 Minn. 292; Williamson v. Hatch, 55 Minn. 344; Thompson v. Johnson, 55 Minn. 515; Hawkes v. Fraser, 52 Minn. 201; Penney v. Haugan, 61 Minn. 279; Weston v. Loyhed, 30 Minn. 221; Fullington v. Northwestern I. & B Assn., 48 Minn. 490; Minnesota Thresher M. Co. v. Langdon, 44 Minn. 37; Hay v. Tuttle, 67 Minn. 56; Therasson v. Hickok, 37 Vt. 454.

*W. A. McDowell,* for respondent.

An allegation that at a specified date plaintiff was duly appointed receiver is sufficient. High, Rec. § 233; Rockwell v. Merwin, 45 N. Y. 166. Appellants are in no position, under a general demurrer, to urge that plaintiff has no capacity to sue. Walsh v. Byrnes, 39 Minn. 527; Minneapolis H. Works v. Libby, 24 Minn. 327.

Assuming the sale in question to be voidable, rather than void, it was not necessary for plaintiff to bring suit in equity to avoid the sale, but, after making a demand for the return of the property, and refusal, he had a right to bring an action for conversion. 21 Am. & Eng. Enc. 75; Bishop, Cont. § 831; Benjamin, Sales (6th Ed.) § 391; 2 Pomeroy, Eq. § 872; Metropolitan v. Manhattan, 14 Abb. N. C. 103; Campbell v. Jones, 25 Minn. 155. A receiver or assignee, under the insolvency law, succeeds to all the rights of the creditors. Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543; Merrill v. Ressler, 37 Minn. 82.

START, C. J.

This is an appeal by the defendants from an order overruling the demurrer to the complaint. The complaint alleges

"That heretofore, to wit, on July 29, 1897, he was duly appointed the receiver of all the assets of the Fred B. George Stationery Company, under and pursuant to the terms and provisions of chapter 148 of the General Laws of the State of Minnesota for the year 1881, and the several acts amendatory thereof."

The complaint further alleges, in effect, that such company is a corporation organized under the laws of this state, and that ever since January 1, 1896, it has been insolvent, and on March 18, 1896, it transferred certain of its property (a printing plant and appurtenances) to the defendants, who were then directors of the corporation, with the intent and purpose of hindering and defrauding its creditors, and that the defendants knew of, and knowingly participated in, such fraudulent intent and transaction; that the corporation was owing, at the time the plaintiff was appointed such receiver, $12,000, of which indebtedness $5,000 was contracted and was due prior to the date of such fraudulent transfer; that no more than $754 can be realized from the remaining assets of the

corporation, and that before the commencement of this action the plaintiff duly demanded possession of the property, but the defendants refused to deliver any portion thereof to the plaintiff;

"That said printing plant and appurtenances were on March 18, 1896, and at all times since said date have been, of the reasonable worth and value of one thousand dollars. Wherefore plaintiff demands judgment against the defendants, and each of them, for the sum of one thousand dollars, together with the costs and disbursements of this action."

1. The defendants claim in support of their demurrer that the transfer in question was not void, but voidable, as to the creditors, and that the only remedy open to the receiver is an equitable action to set aside the sale. Whatever else the complaint may allege or fail to allege, it states facts which, if true, show that the insolvent transferred its personal property to the defendants with intent to defraud its creditors, and that the defendants then had notice of such fraudulent intent, and participated therein. The sale was then, as to existing creditors, not void, but voidable at their election. Such creditors could avoid the sale by seizing it on a writ of attachment or execution. But, after the appointment of an assignee or a receiver in insolvency, their right to avoid the sale by their individual action is suspended; and as compensation therefor the statute gives to the assignee or receiver the same right to avoid such transfers as the creditors whom he represents had, and he is under no more obligation to have the transfer first set aside by the decree of a court of equity than the creditors were. G. S. 1894, § 4233; Merrill v. Ressler, 37 Minn. 82, 33 N. W. 117; Thomas Mnfg. Co. v. Foote, 46 Minn. 240, 48 N. W. 1019; Chamberlain v. O'Brien, 46 Minn. 80, 48 N. W. 447.

An assignee or receiver, however, cannot commence an action against the insolvent, and seize the personal property transferred to defraud the creditors by a writ of attachment or execution; but as a substitute therefor he may avoid the sale, by demanding of the fraudulent vendee a return of the property transferred to him to defraud creditors; and, if he refuses, the assignee or receiver may recover the property from him in an action of replevin, or sue him for its value. In this respect a sale to defraud creditors does not

differ from the case of a transfer of personal property as a preference. It follows, then, that, if the complaint properly alleges the representative character of the plaintiff as the receiver of the fraudulent vendor, it states a cause of action.

2. But the further point urged in support of the demurrer is that the allegations as to the representative character of the plaintiff are not sufficient. He brings this action as receiver, and alleges, in general terms, that he was duly appointed, but there are no allegations as to the court or action or proceeding in which he was appointed.

The authorities are not agreed as to the extent a receiver, in an action by him, should set forth the proceedings of the court from which he derives his appointment. But it is now settled by the weight of authority, and on principle, that an allegation in general terms by the plaintiff, suing as a receiver, that at such a time, in such an action or proceeding, and by such a court or officer, he was duly appointed receiver of the estate of such a party, is sufficient, and that anything short of this is not sufficient. Rockwell v. Merwin, 45 N. Y. 166; High, Rec. §§ 231–233; 1 Estee, Pl. & Pr. (4th Ed.) § 584; Bliss, Code Pl. § 263.

Tested by this rule, the allegation of the complaint as to the plaintiff's appointment as receiver in this case is insufficient. The complaint does not allege in what action or proceeding the plaintiff was appointed a receiver, or by what court or officer, or, for that matter, that he was appointed by any court or officer. It is true that only a district court of the state, or some judge thereof, has power to appoint a receiver of the estate of an insolvent, but an argumentative pleading is not good as against a demurrer.

Order reversed.

Respondent having made a motion for a reargument, the following opinion was filed on July 16, 1898.

PER CURIAM.

The respondent, on a motion herein for a reargument, urges that the sufficiency of the allegations of the complaint as to the representative character of the plaintiff are not raised by the general

demurrer, and that the question can only be raised by demurrer on the ground that plaintiff has not legal capacity to sue.

Where a complaint states a cause of action in the plaintiff, but it appears on the face of the complaint that the plaintiff, by reason of a want of capacity or authority, cannot legally prosecute the action, a general demurrer does not lie. In such a case the demurrer must be on the ground that the plaintiff has not legal capacity to sue. Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831.

But such is not this case. A complaint which does not state facts constituting a cause of action against the defendant, and in favor of the plaintiff, is demurrable on the ground that it does not state facts sufficient to constitute a cause of action. 6 Enc. Pl. & Pr. 348; Maxwell, Code Pl. 374. The complaint in question stated a cause of action in favor of an assignee or receiver of the insolvent, if there was one, but it failed to state facts showing that the plaintiff was such receiver or assignee. Therefore it did not state a cause of action in his favor.

The assignment of error was sufficient to raise the question.

It is true, however, that the precise reason why the complaint did not state facts constituting a cause of action was stated obscurely, if at all, in the appellants' brief, but it was, as the court understood counsel, stated on the oral argument.

Motion denied.