E. C. HAMILTON v. JOHN McINDOO and Others.[1]

November 13, 1900.

Nos. 12,215—(58).

**Action by Executor.**

When by statute it is required that all actions must be prosecuted in the name of the real party in interest, suits instituted by an executor or administrator upon a cause of action belonging to him in his representative capacity must be brought by him in that capacity.

[1] Reported in 84 N. W. 118.

**Same—Pleading Appointment.**

When a plaintiff sues as an executor or administrator, he must allege that he is such in a direct and issuable form. He should allege that he is such by virtue of letters issued out of a probate court, giving the name thereof, and the term at which such letters were granted.

**Complaint Defective.**

The complaint in the case at bar was insufficient in this respect, and for that reason did not state facts sufficient to constitute a cause of action.

Action in the district court for Watonwan county, by plaintiff as administrator de bonis non of the estate of Russell Search, deceased, to recover $172.68 on a judgment. The case was tried before Severance, J., who found in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendants appealed. Reversed.

*W. S. Hammond*, for appellants.

*Seager & Lobben*, for respondent.

COLLINS, J.

Action brought by the plaintiff, as an administrator de bonis non of the estate of Russell Search, deceased, upon a judgment rendered in his favor as such administrator in a court of competent jurisdiction in the state of Illinois. On findings of fact, judgment was ordered for the plaintiff, and this appeal is from an order denying defendants' motion for a new trial.

The question to be met at the outset arises out of the contention that the complaint does not sufficiently allege plaintiff's appointment as administrator de bonis non. The allegations were

"That, prior to the proceedings had in obtaining the judgment hereinafter referred to, the above-named Russell Search died in the state of Illinois, intestate, and the plaintiff, E. C. Hamilton, had been duly appointed administrator de bonis non of the estate of said Russell Search, deceased, and had duly qualified, and has ever since and now is duly acting as" such administrator.

It is claimed by the plaintiff that it sufficiently appears from these allegations that the plaintiff was appointed administrator in the state of Illinois, while it is contended on behalf of the defendants that it clearly appears from the wording of the allegations, and

must be presumed, in the absence of any averment to the contrary, that the appointment was by a competent court within the state of Minnesota. We are not compelled to determine this difference of opinion, for in either case the complaint failed to state facts sufficient to constitute a cause of action. It merely alleged the death of Search and the due appointment of plaintiff as administrator de bonis non. It was said by this court in Chamberlain v. Tiner, 31 Minn. 371, 18 N. W. 97, and the authorities are abundant in support of the statement, that

"It is not now necessary, as formerly, to make profert of letters testamentary or of administration. But it is necessary for a plaintiff who sues as executor or administrator to allege in a direct and issuable form that he is such. This properly should be done by alleging that he is executor or administrator by virtue of letters issued by a probate court of some county, giving the name of the court and the term at which the letters were granted."

No form of words is absolutely essential to show plaintiff's authority, but the fact must appear substantially, so that issue may be made upon the allegations, if it is proper so to do. See also Rossman v. Mitchell, 73 Minn. 198, 75 N. W. 1053, in which the sufficiency of an allegation in a complaint as to the appointment of a plaintiff as a receiver, under the insolvency law of 1881 and acts amendatory, was considered. Again it has been held, with good reasons therefor, that in an action by an administrator de bonis non the complaint should state the name of the original representative, and that, as no such administrator can be appointed while there is an original executor or administrator, there must be an averment that he is dead, or has resigned, or has been discharged, or that his letters have been revoked, as the case may be. 8 Enc. Pl. & Pr. 669.

Plaintiff's counsel contend that their failure sufficiently to allege in the complaint the representative character of their client has been waived, because no demurrer was interposed upon the ground that plaintiff had not legal capacity to sue, or, if a demurrer would not lie, that there has been a waiver, because the question of plaintiff's capacity to sue was not raised by answer. G. S. 1894, §§ 5234, 5235. This contention is completely answered by what was said in

Rossman v. Mitchell, supra, when disposing of a motion for a reargument, in these words:

"The complaint in question stated a cause of action in favor of an assignee or receiver of the insolvent, if there was one, but it failed to state facts showing that the plaintiff was such receiver or assignee."

The complaint here failed to state a cause of action, hence an objection on that ground was not waived by failing to take advantage of the defect by demurrer or by answer. The question could be raised by objection to the introduction of the documentary testimony, or by motion to dismiss when plaintiff rested, as it was.

The point is also made by plaintiff's counsel that the action was not brought by their client as administrator, but in his individual capacity, that he had the right to sue as an individual, and therefore that allegations as to his representative capacity were unnecessary; cases being cited in support of this contention. At common law, and to maintain some causes of action, an executor or administrator could sue either in his official or individual capacity, at his option; but whether the present cause of action is of that class we need not decide. When a statute requires, as it does here, that actions must be prosecuted in the name of the real party in interest, suits instituted by an executor or administrator upon a cause of action belonging to him in his representative capacity must be brought by him in that capacity (8 Enc. Pl. & Pr. 659, 660), and he is expressly authorized to sue by G. S. 1894, § 5158.

Order reversed.