WILLIAM A. SOMERS v. WILLIAM DAWSON and Others.[1]

April 25, 1902.

Nos. 12,656—(2).

**Insolvent Corporation—Liability of Stockholders—Action by Assignee.**
Laws 1897, c. 341, extends to assignees and receivers the same powers which, by G. S. 1894, c. 76, are provided for creditors with respect to stockholders' liability. The bringing of such action by the assignee or receiver is obligatory if no similar action has been commenced within six months of the assignment or the appointment of a receiver, but the fact that such action has not been commenced is not a necessary part of the cause of action. That such suit is pending must be taken advantage of by special demurrer, on that ground, or by answer.

**Laws 1897, c. 341—Laws 1899, c. 272.**
Laws 1897, c. 341, was not repealed by Laws 1899, c. 272. The latter is cumulative, and the two acts embrace consistent remedies.

**Complaint Good.**
Complaint construed, and *held* to state a cause of action.

Action in the district court for Ramsey county by plaintiff as assignee of Wildwood Park Company, an insolvent corporation, to enforce the statutory liability of its stockholders. From an order, Brill, J., overruling a demurrer to the complaint, defendants, Henry H. Fuller and others, appealed. Affirmed.

*Walter L. Chapin,* for appellants.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

LEWIS, J.

The respondent, as assignee, brought this action to enforce stockholders' liability, under Laws 1897, c. 341. The complaint was demurred to as not stating facts sufficient to constitute a cause of action, and, the demurrer having been overruled by the

[1] Reported in 90 N. W. 119.

court below, appellants argue in its support that the complaint is insufficient, because it fails to state that no action to enforce such liability was begun by the creditors within six months after the assignment or the appointment of a receiver, and, if that point is not well taken, that Laws 1897, c. 341, was repealed by Laws 1899, c. 272, and that under the latter law the complaint is not sufficient.

The complaint is not, upon the first ground, subject to demurrer. The fact that no action had been commenced by the creditors within six months was not a requisite part of the cause of action. Prior to the enactment of chapter 341, liabilities of stockholders existed solely in favor of creditors, and were enforceable by them only. Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331. Chapter 341 simply extended the power to, and made it the duty of, the assignee or receiver to bring such an action. The provision that an action should not be brought by the receiver or assignee in case creditors had already commenced proceedings within six months was inserted as a matter of precaution. The pending of an action by creditors would be a good defense in abatement to proceedings commenced by a receiver or assignee without such enactment. The objection that another cause is pending must be taken advantage of by demurrer specially upon that ground when the fact appears upon the face of the complaint, and when it does not so appear the proper method is by answer. At common law the remedy was by plea in abatement. The cases cited by appellant (Fogle v. Schaeffer, 23 Minn. 304, and Biron v. Board of Water Commrs., 41 Minn. 519, 43 N. W. 482) do not govern this question. In those cases the conditions upon which the right of action depended were specific and positive, and necessary prerequisites to its commencement.

The case is also distinguishable from Rossman v. Mitchell, 73 Minn. 198, 75 N. W. 1053, and Hamilton v. McIndoo, 81 Minn. 324, 84 N. W. 118. In the former case it was held that the pleader had not sufficiently set out the fact of the receiver's appointment; in the latter case the same condition existed as to an executor, and hence the pleader had not shown that a cause of action existed in favor of plaintiff and against the defendant.

Chapter 341 was not repealed by Laws 1899, c. 272. As before stated, chapter 341 was intended to extend to receivers and assignees the same power which, under G. S. 1894, c. 76, existed in favor of creditors of insolvent estates; and it not only gave such officers the power, but made it their absolute duty, to enforce stockholders' liabilities. The act contains no provisions as to the method of procedure or the practice to be pursued. Its evident intent was that the process customary in actions by creditors under chapter 76 should be followed. The law of 1899 is simply cumulative, and an additional remedy, not inconsistent with the prior act, and provides in detail a method of procedure which might be more convenient and effective in large estates, or under peculiar conditions. It is certainly more elaborate and more expensive, and there is nothing within its provisions which, either by inference or implication, repealed the existing act. The complaint stated a cause of action under the law of 1897.

Order affirmed.