JAMES PATTERSON v. ALEX. A. MELCHIOR and Another.[1]

November 15, 1907.

Nos. 15,402—(104).

**Action in Minor's Name.**

Under the provisions of sections 3838 and 4060, R. L. 1905, an action to recover damages for personal injuries to a minor may be brought in his name as plaintiff by his general guardian.

**Complaint.**

The complaint states a cause of action, and it is sufficiently alleged that the guardian was duly appointed by the proper court.

Action in the district court for McLeod county to recover $5,543 damages for personal injuries sustained by plaintiff, a minor, while in defendant's employ as a teamster. From an order, Morrison, J., overruling defendants' demurrer to plaintiff's complaint, defendants appealed. Affirmed.

*C. H. Rossman,* for appellants.

*Sam G. Anderson, Jr.,* for respondent.

LEWIS, J.

Respondent, James Patterson, a minor, brought this action by his general guardian, William Patterson, to recover damages for personal injuries alleged to have been caused by appellants. The complaint alleges " * * * that before the beginning of this action the said William Patterson was by the probate court of said McLeod county duly appointed guardian of the person and estate of the said James Patterson, and ever since said appointment the said William Patterson has been and now is the guardian of the person and estate of the said James Patterson." The complaint was demurred to upon the grounds (1) that respondent had no legal capacity to sue; (2) that the complaint did not state facts sufficient to constitute a cause of action in favor of William Patterson.

Appellants claim that the complaint should state that a guardian ad litem had been appointed by the court in which the action was prose-

1 Reported in 113 N. W. 902.

cuted, or by a judge thereof, as required by section 4057, R. L. 1905, and contend that section 3838 has no application in a case of this kind; but, if that section does apply, then the allegation as to appointment is not specific enough. Section 3838 provides that the general guardian shall settle all accounts of his ward, demand, sue for, and receive all debts payable to him, and shall appear for and represent his ward in all legal proceedings, unless another person is appointed for that purpose. It has been held that under the provisions of this section a suit to recover on a cause of action in favor of a minor should be brought in the name of the infant, by his guardian or next friend. Perine v. Grand Lodge A. O. U. W., 48 Minn. 82, 50 N. W. 1022. In Peterson v. Baillif, 52 Minn. 386, 54 N. W. 185, the action was brought in the name of the minor by a guardian ad litem appointed by court, and it was alleged in the complaint that the general guardian refused to bring the action. The court held that under such circumstances the appointment of a guardian ad litem and the prosecution of the action by him was the proper method of procedure. Section 4060, R. L. 1905, also provides that an action for injury to a minor may be maintained by the general guardian. These sections are consistent, and either course may be pursued.

When the action is brought in the name of the minor by the general guardian, the complaint need not specify the particular steps constituting the appointment. The defendant is notified of the essential facts. The proper court is named, although the date of the guardian's appointment is not mentioned. In Rossman v. Mitchell, 73 Minn. 198, 75 N. W. 1053, the complaint omitted to state by what court the receiver was appointed, although the date of his appointment was stated. In Hamilton v. McIndoo, 81 Minn. 324, 84 N. W. 118, neither court nor date was set out. All that is required is to fairly put the court and opposite party in possession of the facts which constitute authority to maintain the action. In this respect the complaint under consideration is sufficient.

Affirmed.