Argued February 18; Reversed and Remanded March 16, 1948

## CHRISTMAN BY AND THROUGH JOHN R. LATOUR-ETTE, JR. HIS GUARDIAN AD LITEM *v.* SCOTT

191 P. (2d) 389

*J. R. Latourette,* of Portland, argued the cause for appellant. On the brief were E. F. Doyle and Latourette & Latourette, of Portland.

*William C. Ralston,* of Portland, argued the cause

for respondent. With him on the brief were Sheppard & Phillips, of Portland.

Before ROSSMAN, Chief Justice, and KELLY, BAILEY, BRAND and HAY, Justices.

ROSSMAN, C. J.

This is an appeal by the plaintiff from a judgment of the circuit court which was entered in favor of the defendant after the appellant had introduced his evidence and the court had sustained a demurrer submitted at that juncture by the respondent to the amended complaint. The demurrer was predicated upon contentions that the amended complaint did not state a cause of action and that the court lacked jurisdiction over the action.

The sole assignment of error is:

"The Court erred in sustaining the demurrer to the complaint and dismissing the plaintiff's case and cause."

The amended complaint, as well as the original one, averred that the respondent, on June 3, 1945, negligently drove his automobile into collision with the plaintiff, thereby injuring him. Concerning those phases of the case, the assignment of error presents no issue. After the original complaint, the answer and the reply had been presented, the appellant filed the amended complaint. It was virtually the same as the original one except (1) the title was changed so that

the plaintiff's name appeared thus: "Vernon J. Christman acting by and through John R. Latourette, Jr., his guardian ad litem,"; and (2) a paragraph was added which read as follows: "That John R. Latourette, Jr., has been duly appointed guardian ad litem of the above-named plaintiff by a judge of the above-entitled court, and is now acting in such capacity." That paragraph was numbered I-a.

After the amended complaint was filed, the parties entered into the following stipulation:

"It is hereby stipulated by and between the parties hereto, that the Defendant's Answer to the Complaint therein, be, and the same is hereby considered the Answer to the Amended Complaint herein; and that the Reply to the Answer filed herein may be considered as the Reply of Plaintiff acting through his Guardian ad litem, John R. Latourette, Jr., and that the title to said Answer and said Reply may be amended by interlineation by inserting after the plaintiff's name the following: acting by and through John R. Latourette, Jr., his Guardian, ad litem."

■ Paragraph I-a of the amended complaint was not denied by the answer and must, therefore, be deemed admitted.

Two months after the amended complaint was filed the cause came on for trial, and then the course was taken which we have already delineated; that is, the appellant introduced his evidence, the respondent demurred orally to the amended complaint, the demurrer was sustained and the attacked judgment was entered.

In support of the challenged judgment, the respondent argues that (1) in the appointment of the guardian ad litem the provisions of § 1-306, O. C. L. A., were ignored and that, therefore, the appointment was void, and (2) since the alleged appointment of the guardian

ad litem was made after the original complaint was filed, the averments concerning it should have been made by a supplemental complaint and not by an amended one.

Section 1-306, O. C. L. A., says:

"When an insane or idiotic person is a party to any action, * * * he shall appear by guardian; or if he has no guardian, or in the opinion of the court the guardian is an improper or incompetent person, the court shall appoint some suitable person to act as guardian ad litem. Such guardian shall be appointed as follows:

"(1) When the insane or idiotic person is plaintiff upon application of a relative * * *."

Citing that section of our laws, the respondent's brief argues:

"We contend, therefore, that under Section 1-306 there are two conditions precedent to the appointment of a guardian ad litem in any suit or action: first, that the person is insane, and second, there is no general guardian. These two conditions are jurisdictional in character and the failure to observe them renders the appointment of a guardian ad litem void ab initio."

Although the amended complaint is silent upon the subject, we infer from the respondent's reliance upon § 1-306 that the appellant's incapacity, if any, is insanity.

The amended complaint does not disclose the manner in which Mr. Latourette's appointment as guardian was brought about. It avers that he "has been duly appointed". If it be said that the word "duly" is a conclusion of law, it can be disregarded as surplusage and thereby the remaining words will constitute an allegation that Mr. Latourette was appointed guardian ad litem of the plaintiff. The respondent's conten-

tions are without merit unless it was incumbent upon the appellant to narrate in his complaint the course which was pursued in the appointment of the guardian.

In *Patterson v. Melchoir,* 102 Minn. 363, 113 N. W. 902, the court said:

"When the action is brought in the name of the minor by the general guardian, the complaint need not specify the particular steps constituting the appointment. The defendant is notified of the essential facts. The proper court is named, although the date of the guardian's appointment is not mentioned. In Rossman v. Mitchell, 73 Minn. 198, 75 N. W. 1053, the complaint omitted to state by what court the receiver was appointed, although the date of his appointment was stated. In Hamilton v. McIndoo, 81 Minn. 324, 84 N. W. 118, neither court nor date was set out. All that is required is to fairly put the court and opposite party in possession of the facts which constitute authority to maintain the action. In this respect the complaint under consideration is sufficient."

From Clark on Code Pleading, 2d Ed., page 325, we quote:

"To require a specific allegation in every case is to require the addition to a complaint of an allegation which is naturally to be assumed in practically every case and which will be of importance only in the comparatively rare case where the defendant will have a real opportunity to make objection upon the score of a defect in the appointment. The defendant should have the burden of raising the issue in such extraordinary situation."

■ We believe that the averment, quoted above, concerning the appointment of Mr. Latourette was sufficient.

■ The action was properly prosecuted in the name of the deranged person. The cause of action was his;

and he was not divested of it when he became incompetent. The cause did not belong to the guardian ad litem. In *Everart v. Fischer,* 75 Or. 316, 145 P. 33, 147 P. 189, this court said:

"The statute has said, in Section 27, L. O. L., that 'every action shall be prosecuted in the name of the real party in interest.' The plaintiff has no legal grievance against the defendants either in her maternal capacity or in her character as guardian. The cause of action, if any exists, is one in favor of the minor himself, and must be prosecuted in his name."

*Bobell v. Wagenaar,* 106 Or. 232, 210 P. 711, and *Round v. State Industrial Accident Commission,* 154 Or. 400, 60 P. 2d 601, are in accord with that decision. From the former we quote:

"The judgments complained of were default judgments and it was not made to appear to the court that the party defendant to said actions was insane, but even if it had been disclosed to the court that the defendant was an insane party and the court had failed or refused to appoint a guardian ad litem to defend for him, this would not have deprived the court of its jurisdiction over his person or over the subject matter of the action * * *."

In *Dixon v. Cardozo,* 106 Cal. 506, 39 P. 857, the court said:

"The first error was in the order substituting the guardian as plaintiff. His appointment as guardian did not vest the cause of action in him."

See to like effect 44 C. J. S., Insane Persons, page 299, § 139.

From the foregoing, it is clear that the plaintiff's insanity did not deprive the court of jurisdiction over him or of the cause. It is likewise clear that the plain-

tiff was the real party in interest and that the action was properly continued in his name.

We express no opinion as to whether or not the guardian ad litem was properly appointed. The respondent does not claim that the demurrer challenged the petition.

■■ The respondent argues that the averments concerning the appointment of a guardian ad litem should have been added to the complaint by means of a supplemental pleading, as permitted by § 1-1012, O.C.L.A., and not by an amended complaint. This contention, even if correct, could not warrant an order sustaining a demurrer to the appellant's pleading. The matter added to the record by the amended complaint did not pertain to the cause of action; it was not something upon which the appellant wished to rely at the trial in the establishment of his cause of action. What he wished to do was to change the title of the complaint and place upon the record the identity of the individual who had been appointed to protect his rights. The right to file a supplemental complaint, like the right to make amendments, is subject to the discretion of the court. The respondent did not move against the amended complaint, and his only challenge of its nature has been by the demurrer now under consideration. We cannot say upon demurrer that the appellant chose the wrong medium to amend the title of his pleading and insert the paragraph concerning the appointment of a guardian ad litem.

■ We believe that the appointment of the guardian ad litem did not divest the court of its jurisdiction over the case nor of its jurisdiction over the parties. The assignment of error must be sustained.

Error was committed when the demurrer was sustained. The cause is remanded.