On appellant's motion to reconsider filed May 5, respondent's response filed May 17, and appellant's reply filed May 18; reconsideration allowed, order of Appellate Commissioner adhered to September 1, 2021

Fatima Mouktabis, a minor
by and through her guardian *ad litem*,
Nour Eddine MOUKTABIS,
*Plaintiff-Appellant,*

*v.*

Malika AMAROU,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CV13006; A174698

499 P3d 881

Plaintiff, a minor child over the age of 14, brought this action, seeking damages for an alleged assault. Shortly after plaintiff's attorney withdrew from the case, plaintiff's father, Mouktabis, who is not a member of the Oregon State Bar, sought to be appointed as plaintiff's guardian *ad litem*. The trial court appointed Mouktabis as plaintiff's guardian *ad litem* with the instruction that Mouktabis obtain legal counsel for plaintiff. After Mouktabis failed to obtain legal counsel for plaintiff, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's claims. Mouktabis then filed a notice of appeal on behalf of plaintiff. Defendant moved to dismiss the appeal on the ground that Mouktabis is neither an attorney nor "party in person," as required by ORS 9.320 in order to prosecute "[a]ny action, suit, or proceeding," and, therefore, Mouktabis lacked authority to file the notice of appeal. The Appellate Commissioner agreed with defendant but, rather than dismiss the appeal, the commissioner denied defendant's motion, allowed Mouktabis 30 days to retain legal representation for plaintiff, and ordered that if no attorney appeared to represent plaintiff within 30 days, the appeal would be dismissed for lack of prosecution. Mouktabis seeks reconsideration of that order and argues that, as plaintiff's guardian *ad litem*, he is "authorized to prosecute the case" and "has standing to appear *pro se* in the case." *Held*: The commissioner properly ordered Mouktabis to obtain legal counsel to represent plaintiff on appeal. A guardian *ad litem* who is not a member of the Oregon State Bar is not authorized to appear as a *pro se* guardian *ad litem*. Such a person is not permitted to engage in the practice of law on behalf of a party, which includes making legal arguments, and filing pleadings and other legal documents, such as notices of appeal.

Reconsideration allowed; order of Appellate Commissioner adhered to.

Henry C. Breithaupt, Judge.

Nour Eddine Mouktabis *pro se* for motion and reply.

Daniel L. Duyck for response.

Before Tookey, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

TOOKEY, P. J.

Reconsideration allowed; order of Appellate Commissioner adhered to.

**TOOKEY, P. J.**

This appeal arises from a minor plaintiff's tort claims against her stepmother. Plaintiff's father, Nour Mouktabis (Mouktabis), represents plaintiff as her guardian *ad litem*. Shortly after the notice of appeal was filed by Mouktabis, defendant filed a motion to dismiss the appeal on the ground that, as guardian *ad litem*, Mouktabis is neither a party, nor an attorney, and is therefore prohibited from filing a notice of appeal on behalf of plaintiff and from otherwise legally representing plaintiff on appeal.[1] The Appellate Commissioner agreed with defendant's argument; however, the commissioner did not dismiss the appeal but, instead, allowed Mouktabis 30 days to retain legal representation for plaintiff and ordered that, if an attorney did not appear on behalf of plaintiff within 30 days, the appeal would be dismissed for lack of prosecution.

Mouktabis seeks reconsideration of that order, asserting that, as plaintiff's guardian *ad litem*, he is "authorized to prosecute the case," and "has standing to appear *pro se* in the case." On reconsideration, we conclude that a guardian *ad litem* who is not an attorney is not authorized, by way of his or her guardian *ad litem* status, to engage in conduct on behalf of the party that would constitute the practice of law. Accordingly, we adhere to the Appellate Commissioner's prior order.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff is a minor child over the age of 14. In March 2019, through an attorney, plaintiff brought an action against defendant seeking damages for an alleged assault. Plaintiff petitioned the trial court to appoint her mother, Clemens, as her guardian *ad litem*, and the trial court granted that motion. In January 2020, plaintiff's attorney withdrew from the case. The following month, Clemens moved to be removed as guardian *ad litem* and for appointment of Mouktabis in her place. Clemens explained,

---

[1] Defendant's motion was entitled a motion to "strike the notice of appeal." Throughout this opinion, we refer to the motion as a motion to dismiss because, in seeking to "strike" the notice of appeal, defendant effectively sought dismissal of the appeal.

> "[N]ow that I am without counsel, I am unable to act as [plaintiff's guardian *ad litem*] and request that her father be appointed ***.

> "*** Mouktabis *** is more capable of handling the stress of litigation, retaining a competent attorney, and acting in [plaintiff's] best interest. I am indigent and unable to retain new counsel without first securing a refund from the departing attorney."

Defendant opposed the appointment of Mouktabis as guardian *ad litem*, after which point Mouktabis filed his own motion seeking appointment as plaintiff's guardian *ad litem*; he also submitted a reply to defendant's opposition, in which he made a number of legal arguments regarding the issue of guardian *ad litem* appointment.

At a hearing held on March 16, 2020, defendant noted that, in her view, "[Mouktabis] now wants to come in and be the guardian *ad litem* and effectively *** act as attorney." Defendant urged the court to disallow Mouktabis from serving as plaintiff's guardian *ad litem* and to, instead, either appoint an independent guardian *ad litem* or allow plaintiff to find an independent guardian *ad litem*. The court declined to rule on the request at that time and, instead, scheduled an evidentiary hearing on the matter.

On April 26, 2020, defendant filed a motion for summary judgment. Plaintiff, purportedly through Clemens, filed a response to that motion. In reply, defendant argued that the response was untimely and, in any event, "should be stricken because it is not filed by an attorney and represents the unauthorized practice of law."

On August 7, 2020, the trial court held an evidentiary hearing on the matter of whether to appoint Mouktabis as plaintiff's guardian *ad litem*. At that hearing, the court expressed concern about the lack of legal representation for plaintiff, and Mouktabis testified that he intended to seek legal representation for plaintiff. The court appointed Mouktabis as plaintiff's guardian *ad litem* and ordered Mouktabis to "immediately attempt to arrange for legal counsel to prosecute the claim."

On August 19, 2020, the court held a hearing on defendant's motion for summary judgment. At that hearing, the trial court confirmed with Mouktabis that no member of the Oregon State Bar had submitted to the court the evidence in support of plaintiff's response to the motion for summary judgment, and that Mouktabis had not spoken to any attorney in the time since being ordered to do so on August 7, 2020. Accordingly, the trial court granted defendant's motion for summary judgment. The trial court entered a general judgment dismissing plaintiff's claims on September 18, 2020.

Mouktabis filed a notice of appeal on behalf of plaintiff on September 30, 2020. Defendant moved to dismiss the appeal on the ground that Mouktabis is neither an attorney nor "party in person," as required by ORS 9.320 in order to prosecute "[a]ny action, suit, or proceeding." Therefore, according to defendant, Mouktabis lacked authority to file the notice of appeal. Mouktabis opposed the motion to dismiss and made a number of legal arguments as to why his guardian *ad litem* status authorizes him to "prosecute *** an action," on behalf of plaintiff, "without retaining counsel under Oregon law." As noted, although the Appellate Commissioner agreed with defendant that Mouktabis's status as guardian *ad litem* does not authorize him to represent plaintiff in a legal capacity, the commissioner denied defendant's motion and allowed Mouktabis 30 days to retain legal representation for plaintiff. The commissioner further ordered that if an attorney did not appear within 30 days, plaintiff's appeal would be dismissed for lack of prosecution.

In the order, the commissioner explained:

"ORS 9.160(1) provides that, '[e]xcept as provided in this section, a person may not practice law in this state, or represent that the person is qualified to practice law in this state, unless the person is an active member of the Oregon State Bar.' *** ORS 9.160(2) provides that subsection (1) of that statute 'does not affect the right to prosecute or defend a cause in person as provided in ORS 9.320.' In turn, ORS 9.320 provides that 'any action, suit, or proceeding may be prosecuted or defended by a party in person, or by an attorney ***.'

> "Read in conjunction with ORS 9.160(1), ORS 9.320 makes clear that only a party in person or an attorney may legally represent that party in court."

On reconsideration of the commissioner's order, the questions at issue are whether a guardian *ad litem* who is not a member of the Oregon State Bar is authorized to appear *pro se* on appeal and whether Mouktabis's conduct here constituted engaging in the practice of law on behalf of the party to the action.

## II. ANALYSIS

As the Oregon Supreme Court has explained, the two statutory provisions "that govern the representation of others before the state courts of Oregon" are ORS 9.160 and ORS 9.320. *Oregon Peaceworks Green, PAC v. Sec. of State*, 311 Or 267, 270, 810 P2d 836 (1991). ORS 9.160 provides, "Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar." ORS 9.320, in turn, provides that "[a]ny action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney ***."

> "Read together, ORS 9.160 and 9.320 state a general rule regarding legal representation and an exception to that rule. ORS 9.160 unequivocally prohibits a non-attorney from practicing law. ORS 9.320 states the key exception to the ORS 9.160 prohibition: representation of oneself. Neither statute empowers a nonattorney to represent *another* in state court, a fundamental aspect of law practice."

*Oregon Peaceworks Green, PAC*, 311 Or at 270-71 (emphasis in original). Neither statute explicitly mentions guardians *ad litem*. However, the question of whether a nonattorney guardian *ad litem* may appear *pro se* on appeal is a question of statutory interpretation.

When interpreting a statute, our paramount goal is to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). We look first to the statute's text, in context; "there is no more persuasive evidence of

the intent of the legislature than 'the words by which the legislature undertook to give expression to its wishes.'" *Id.* (internal citations omitted). We may also consider any pertinent legislative history if it "appears useful to the court's analysis"; however, our "consideration of that history, and the evaluative weight" that we give it, is at our discretion.[2] *Id.* at 172. Finally, if necessary, "the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id.*

The full text of ORS 9.320 reads,

"Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a party that is not a natural person appears by attorney in all cases, unless otherwise specifically provided by law. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client of the attorney as between the client and the adverse party, except as provided in ORS 9.310."

"Party" is a legal term meaning "[o]ne by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment." *Black's Law Dictionary* 1350-51 (11th ed 2019); *see Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296, 337 P3d 768 (2014) ("[W]hen a term is a legal one, we look to its 'established legal meaning' as revealed by *** legal dictionaries."); *see also* Oliver L. Barbour, *A Summary of the Law of Parties to Actions at Law and Suits in Equity* 18 (1864) ("Those persons who institute actions for the recovery of their rights, or the redress of their wrongs, and those against whom the actions are instituted, are the *parties* to the actions." (Emphasis in original.)).

Under ORS 9.310, an "attorney" is

"a person authorized to represent a party in the written proceedings in any action, suit or proceeding, in any stage thereof. An attorney, other than the one who represents the party in the written proceedings, may also represent a party in court, or before a judicial officer, in which case

---

[2] We have reviewed the pertinent legislative history and it is not useful to our analysis.

the attorney is known as counsel, and the authority of the attorney is limited to the matters that transpire in the court or before such officer at the time."

"[R]emarkably," no Oregon statute "defines the term 'guardian *ad litem*.'" *State ex rel Juv. Dept. v. Cooper*, 188 Or App 588, 597, 72 P3d 674 (2003) (footnote omitted). Nevertheless, it is a legal term meaning a "'guardian, usu. a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party.'" *Id.* (quoting *Black's* 713 (7th ed 1999)).

As described in *Benson v. Birch*, 139 Or 459, 461, 10 P2d 1050 (1932):

"A guardian *ad litem* is a special guardian appointed by the court to prosecute or defend in behalf of an infant a suit to which such infant is a party. His office is to represent the interests of the infant in the litigation. Although the infant is capable of suing or being sued, his incapacity requires that he be protected and to that end the statute requires that the infant litigant should be properly represented by some one who may adequately enforce or protect his rights."

Thus, the guardian *ad litem* may be but is not required to be an attorney, and the guardian *ad litem* represents the "interests" of the minor party. However, the guardian *ad litem* does not "'step[] into the shoes' of the represented person *for all purposes*." *Cooper*, 188 Or App at 598 (emphasis in original) (citing *Christman v. Scott*, 183 Or 113, 117-18, 191 P2d 389 (1948) ("The action was properly prosecuted in the name of the [mentally incompetent] person. The cause of action was his; and he was not divested of it when he became incompetent. The cause did not belong to the guardian *ad litem*.")). In other words, the guardian *ad litem* does not become a party to the action by virtue of serving as the guardian *ad litem*.

Nor does the guardian *ad litem* become an attorney by way of serving as the guardian *ad litem*. However, the statutes and case law, when read together, may have caused some confusion on the matter of what the guardian *ad litem* is authorized or expected to do. For example, ORS 9.320 states that any "action, suit or proceeding may be

prosecuted or defended by a party in person, or by attorney," and in *Benson*, 139 Or at 461, the Supreme Court stated that a guardian *ad litem* is appointed "to prosecute or defend in behalf of an infant a suit to which such infant is a party." As professors Homer Clark Jr. and Ann Estin have noted, "Courts have struggled to clarify the[] roles [of guardian *ad litem* and legal advocate], and define how children's representatives may participate in different types of proceedings." Homer H. Clark Jr. & Ann Laquer Estin, *Domestic Relations: Cases and Problems* 1078 (6th ed 2000). Indeed, in his motion for reconsideration, Mouktabis asserts that his intention was never to "appear as appellant's attorney," but rather to only "represent[] himself as a [guardian *ad litem*] who is authorized to prosecute the case"; he further asserts that he "neither counsels nor advises the minor plaintiff on legal issues as an attorney would."

We first observe that "appearing as an attorney," or, in other words, "the practice of law," encompasses more than "counsel[ing]" or "advis[ing]" a party on legal issues. As noted above, the statutory definition of "attorney" includes the representation of a party "in the written proceedings in any action, suit or proceeding, in any stage thereof." ORS 9.310; *see also Black's* 1419 (11th ed 2019) (defining "practice of law" as "[t]he professional work of a lawyer, encompassing a broad range of services such as conducting cases in court, preparing papers necessary to bring about various transactions * * *, preparing legal opinions on various points of law, drafting wills and other estate-planning documents, and advising clients on legal questions"). Therefore, when a person files legal documents on behalf of another—such as pleadings or notices of appeal—that person engages in the practice of law.

ORS 9.160(1) explicitly provides that the only persons authorized to practice law in the state of Oregon are those who are active members of the Oregon State Bar—in other words, attorneys. ORS 9.160(2) provides that the rule from ORS 9.160(1) "does not affect the right to prosecute or defend a cause in person as provided in ORS 9.320," and ORS 9.320 provides that a cause "may be prosecuted or defended by a party in person." In other words, as the

Oregon Supreme Court noted in *Oregon Peaceworks Green, PAC*, there is an exception to the rule that nonattorneys are prohibited from practicing law, found in ORS 9.320: representation of oneself. Accordingly, the text of ORS 9.320, in context, is clear: *only* a party or attorney may "prosecute or defend" in any action, suit, or proceeding, and *only* an attorney may engage in legal practice on behalf of another in any action, suit, or proceeding. As explained above, a guardian *ad litem* who is not an active member of the Oregon State Bar is neither a party nor an attorney; thus, when that guardian *ad litem* files legal documents on behalf of the minor (or incapacitated) party to the action, suit, or proceeding, that guardian *ad litem* is engaging in the unauthorized practice of law, which is prohibited.

The use of the words "prosecute" and "defend" in *Benson*, when describing the role of the guardian *ad litem*, does not undermine the clarity provided by the text and context of the applicable statutes. Context matters not just in interpreting statutes, but also in understanding our precedent. As noted above, in *Benson*, the Supreme Court explained, "[The guardian *ad litem*'s] office is to represent the interests of the infant in the litigation." 139 Or at 461. Further elucidation on the guardian *ad litem*'s representation of the party's *interests* is provided by *Corpus Juris Secundum*:

> "[T]he guardian *ad litem* \* \* \* has the duty to determine the best interest of the ward, and he fully represents the rights and interests of his ward in the particular case, and his rights and powers generally extend to all matters in the particular litigation affecting the interest of his ward, in every stage of the action."

57 CJS 173-74, *Mental Health*, § 271 (1992). In *Cooper*, we explained the difference between "the obligations of counsel" (legal representation) and "of the guardian *ad litem*" (representation of one's interests) in the context of appointment of a guardian *ad litem* for an incapacitated parent:

> "'While it is the lawyer's duty to provide the parent with legal advice on such decisions as whether to contest the termination motion and whether to present particular

defenses to the motion, it is the role and responsibility of the parent to make those decisions. If the parent is mentally impaired so as to be incapable of understanding the nature and significance of the proceeding or incapable of making those critical decisions that are the parent's right to make, then a court would clearly abuse its discretion in not appointing a guardian *ad litem* to act for and in the interest of the parent.'"

188 Or App at 598 n 7 (quoting *People in Interest of M.M.*, 726 P2d 1108, 1120 (Colo. 1986)). The same is true when a guardian *ad litem* is appointed to represent a minor party: Because we consider minor parties to be "incapable of understanding the nature and significance" of legal proceedings and "incapable of making those critical decisions" that are the minor *party's* to make, a guardian is appointed to help the minor party make those decisions. That is the role of representing the interests of the minor party; that role does not encompass the practice of law on behalf of the minor party. *Parties* may "prosecute" or "defend" actions on behalf of themselves, but minors may not do so without the aid of guardians; thus, a guardian *ad litem* may prosecute or defend an action on behalf of the minor party in the sense that they may make decisions regarding the litigation—but they may not convert those decisions to the practice of law, as an attorney is authorized to do. Because filing legal documents and making legal arguments on behalf of a minor party constitutes the practice of law, the commissioner correctly ordered Mouktabis to obtain legal counsel to legally represent—*i.e.*, practice law—on behalf of plaintiff on appeal.

Mouktabis nevertheless argues that he is "authorized to prosecute the case pursuant to ORCP 27 and ORS 20.150," and asserts that "[t]he commissioner relied solely on ORS 9.160(1) and ORS 9.320 while ignoring ORCP 27 and ORS 20.150 which control." However, neither ORCP 27 nor ORS 20.150 is helpful in resolving the questions at issue.

ORCP 27, which sets forth procedures for when a minor is a named party in a civil action, provides,

"When a minor *** is a party to an action and does not have a guardian or conservator, the person shall appear by

> a guardian ad litem appointed by the court in which the action is brought and pursuant to this rule as follows: * * * if the minor is 14 years of age or older, upon application of the minor."

ORCP 27 B(1)(a); *see also* ORS 125.005 (defining "minor" as "any person who has not attained 18 years of age"). The rule addresses the requisite method for seeking appointment of a guardian *ad litem*, ORCP 27 D, notice requirements of the motion seeking appointment of the guardian *ad litem*, ORCP 27 E, and the contents of that notice, ORCP 27 F. The rule also mandates that upon objection to the motion, the trial court must hold a hearing on the matter, ORCP 27 G, explains that the court may waive the notice requirements, ORCP 27 H, and addresses settlement of actions in cases in which the party for whom a guardian *ad litem* was appointed under section B prevails, ORCP 27 I. At no point, however, does ORCP 27 address the abilities, permissions, or authorities of a guardian *ad litem* appointed pursuant to the rule. Rather, ORCP 27 simply mandates and provides for the appointment of a guardian *ad litem* under various circumstances.

ORS 20.150 addresses the recovery of costs and disbursements when a party is represented by another. As relevant here, the statute states,

> "In an action, suit or proceeding * * * in which a party appears by * * * guardian ad litem, costs and disbursements shall be recovered or not as in ordinary cases, but if recovered shall be chargeable only upon or collected from * * * the party represented or for whom appearance is made, unless the court or judge thereof shall order such costs and disbursements to be recovered from the * * * guardian * * * personally for mismanagement or bad faith in the commencement, prosecution, or defense of the action, suit or proceeding."

Thus, ORS 20.150 also does not address the abilities, permissions, or authorities of a guardian *ad litem* who has been appointed pursuant to ORCP 27; it simply provides for the manner in which costs and disbursements may be charged or collected in cases in which a guardian *ad litem* has been appointed. Accordingly, we reject Mouktabis's argument

that, under those statutes, he may proceed on appeal without an attorney to legally represent the minor party.[3]

In this case, Mouktabis is not a member of the Oregon State Bar, nor is he a party to the case; his minor daughter is the party—the person on whose behalf this action was instituted in order to address the alleged wrongs done unto her. Mouktabis is not permitted to engage in the practice of law on behalf of plaintiff in this appeal, which includes making legal arguments, and filing pleadings and other legal documents, such as the notice of appeal. Accordingly, we conclude that the commissioner properly ordered Mouktabis to obtain legal counsel to represent plaintiff on appeal, and we adhere to that order.

Reconsideration allowed; order of Appellate Commissioner adhered to.

---

[3] We note that in the trial court proceedings underlying this appeal, in a supplemental judgment entered on December 10, 2020, costs and disbursements were awarded to defendant against not only plaintiff, but also against Mouktabis personally, pursuant to ORS 20.150.

It does not appear that Mouktabis has filed a notice of appeal on his own behalf, and this opinion does not address the circumstance in which a guardian *ad litem* appears *pro se* for the purpose of challenging the trial court's award of costs and disbursements against the guardian *ad litem* personally.